## FARMER v. UNITED STATES FIDELITY & GUARANTY CO.

District Court, M. D. Alabama, S. D.

July 30, 1935.

Farmer, Merrill & Farmer, W. L. Lee, and Oscar L. Tompkins, of Dothan, Ala., and Steiner, Crum & Weil, of Montgomery, Ala., for complainant.

Stokely, Scrivner, Dominick & Smith, of Birmingham, Ala., and O. S. Lewis, of Dothan, Ala., for defendant.

CHARLES B. KENNAMER, District Judge.

Mrs. B. G. Farmer filed a bill in equity in this court against the United States Fidelity & Guaranty Company, under sections 8376, 8377, of the Code of Alabama, to enforce liability under a policy of liability insurance issued to her husband, B. G. Farmer, and in the policy B. G. Farmer is called the named assured. The sections of the policy pertinent and necessary for the court to construe are as follows:

Section I, paragraph (a): "To pay all sums which the Assured shall become liable to pay as damages imposed upon him by law for bodily injury, including death at any time resulting therefrom (herein called 'Bodily Injury') accidentally sustained by any person or persons if caused by the ownership, maintenance or use of any automobile disclosed in the Declaration for the purposes therein stated."

Section II (1), omnibus clause: "The unqualified word 'Assured' includes not only the Named Assured but any other person or organization while legally using any such automobile, including also any other person or organization legally responsible for the use thereof, provided the disclosed and actual use of such automobile is 'Pleasure and Business' or 'Commercial', each as defined herein, and further provided that such use is with the permission of the Named Assured," etc.

While the assured was on a pleasure trip in the state of Florida, traveling in the automobile covered by the policy of insurance, and the automobile being driven by J. T. Clark, the chauffeur and servant of the owner and named assured, the automobile collided with an animal on the highway, skidded off the highway, and turned over. The owner of the automobile, and who was the named assured, B. G. Farmer, received as a result serious injuries, and within about ten days died as a result of such injuries. Under the laws of the state of Florida, a surviving widow is permitted to sue for the death of her husband brought about through negligence. The chauffeur, J. T. Clark, and the surviving widow were both residents of Houston county, Ala., and the widow, Mrs. B. G. Farmer, brought suit in the circuit court of Houston county, Ala., against J. T. Clark, alleging that the death of her husband was brought about by the negligence of Clark in the use and operation of the automobile at the time of the accident that resulted in her husband's death.

The defendant here, United States Fidelity & Guaranty Company, through its attorneys, before the trial of the case in the circuit court of Houston county, contacted Clark, the defendant in that suit, and read

to him a paper in which it was expressly stated that the United States Fidelity & Guaranty Company disclaimed any and all legal liability under the terms of the policy, or duty to defend the suit or to pay any judgment obtained against Clark, but volunteered to defend the suit against Clark. The evidence shows that Clark neither gave consent nor made objection to the contents of the paper and the proposal of the attorneys of the insurance company to defend the suit. The case proceeded to trial in the state circuit court of Houston county, Ala., and resulted in a judgment of $7,500 and costs in favor of plaintiff. This judgment was appealed from to the Supreme Court of Alabama, which court affirmed the judgment of the lower court. Counsel for the defendant here were counsel for the defendant, Clark, throughout that litigation, but at no time were they employed by Clark.

As to the validity of the judgment of the Alabama courts against the defendant in that litigation, and the liability of J. T. Clark to pay that judgment, that is res adjudicata and is binding on this court in this suit.

It necessarily follows, in the opinion of this court, that the only remaining question to be determined here is whether J. T. Clark was an assured, or came within the class of persons to have the benefits of protection for liability incurred under the terms of the insurance contract. That Clark has incurred a legal liability to the complainant here has been legally adjudicated.

Section 1 of the insurance contract obligates the insurer, defendant in this suit, "to pay all sums which the assured shall become liable to pay as damages imposed on him by law for accidental injury to or destruction of property of others."

In section 2 of the contract, "assured" is defined as follows: "The unqualified word 'Assured' includes not only the Named Assured but any other person or organization while legally using such automobile, including also any other person or organization legally responsible for the use thereof, provided the disclosed and actual use of such automobile is 'Pleasure and Business' or 'Commercial', each as defined herein, and further provided that such use is with the permission of the Named Assured, who, if an individual, may give such permission through an adult member of his household other than a chauffeur or a domestic servant."

The whole underlying purpose of the contract is to obligate the insuring company to indemnify those assured against financial loss occasioned through the use and operation of the automobile covered in the contract. The contract was not made for, and is not in any wise dealing with parties who may suffer injuries and be entitled to receive money compensation for injuries resulting from the use and operation of the automobile. Under the express provisions of the contract, the insuring company is not interested in or concerned with the matter as to who shall receive the award of damages or compensation resulting from an injury occasioned by the use or operation of the automobile covered in the contract. That the one sole purpose of the contract is to afford financial indemnity to all persons who fall within the definition of "assured," as defined in the contract itself, it seems is perfectly clear. Therefore, to this court, there is only one proposition to be decided, and that is, Was J. T. Clark an "assured," as defined in the contract?

J. T. Clark was the servant and chauffeur of the owner and named assured, was legally using the automobile with the express permission of the owner, and is within the provisions of the contract as an assured party. Bachman v. Independence Indemnity Company, 214 Cal. 529, 6 P.(2d) 943. The one and only way to exclude Clark as an assured would be to hold that he was not using the automobile. Such holding would not be, in the opinion of this court, founded on reason, and would be contrary to the rule of law that insurance contracts should be liberally construed in favor of the assured.

If on a reasonable, to say nothing of a liberal construction of the insurance contract Clark was an assured, he is entitled to be indemnified, as provided for in the policy. The insurance company, no doubt with great care, wrote into the terms of the policy a description and definition of all persons it was willing to have the benefit of the insurance, and with equal care described and defined those to be excluded from such benefits. To this court it seems clear that Clark is defined as a person to have the benefits of the contract, and it certainly cannot be reasonably held that he is within the definition of the excluded class. However, if there is any conflict in

the definition or description of those to be included and those to be excluded, such conflict should be liberally construed to bring Clark within the provisions of the insurance contract.

The insurance company that wrote these provisions in the contract, it appears from the record in this case, if not fully recognizing its liability, was to place the most favorable construction on its conduct in volunteering to defend the suit against Clark in the state court, doubtful and uncertain as to the proper construction of these provisions in its contract. If the defendant here prepared an insurance contract in which the defendant itself was doubtful and uncertain as to whether Clark was within its provisions, a court should not place a strained and narrow construction on the contract, to take Clark out of its provisions and to relieve the defendant of its legal obligation.

A decree will be entered for the complainant.