MARYLAND CASUALTY COMPANY, A CORPORATION OF THE STATE OF MARYLAND, PLAINTIFF-APPELLANT, v. NEW JERSEY MANUFACTURERS (CASUALTY) INSURANCE CO., WILLIAM H. BAIR TRUCKING COMPANY, HORACE KELLY, SOUTH JERSEY PORT COMMISSION, OPERATING CAMDEN MARINE TERMINAL, AND WILLIAM CHERRY, DEFENDANTS-RESPONDENTS, AND WILLIAM CHERRY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 16, 1957—Decided January 10, 1958.

316

Before Judges GOLDMANN, FREUND and CONFORD.

*Mr. Sidney P. McCord, Jr.,* argued the cause for appellant Maryland Casualty Co. (*Messrs. Starr, Summerill & Davis,* attorneys).

Mr. *Albert B. Melnik* argued the cause for appellant William Cherry (*Messrs. Hermann, Melnik & Lowengrub,* attorneys).

Mr. *Peter J. Devine, Jr.,* argued the cause for respondent New Jersey Manufacturers (Casualty) Insurance Co. (*Messrs. Orlando, Kisselman & Devine,* attorneys; Mr. *Samuel P. Orlando,* of counsel).

Mr. *Grover C. Richman, Jr.,* Attorney-General, attorney for respondent South Jersey Port Commission (*Mr. John F. Crane,* Deputy Attorney-General, of counsel) filed a statement in lieu of brief.

The opinion of the court was delivered by

GOLDMANN, S. J. A. D.   Plaintiff brought an action seeking reimbursement by way of indemnification or contribution from defendants New Jersey Manufacturers (Casualty) Insurance Co. ("Manufacturers") and William Cherry. The insurance company answered denying liability. Cherry also answered and cross-claimed against Manufacturers. The Superior Court, Law Division, entered judgment dismissing the complaint and the cross-claim. 43 *N. J. Super.* 323 (1957). Plaintiff and Cherry appeal.

The facts are not in substantial dispute. On Sunday, March 2, 1952, Horace Kelly, a truckdriver in the employ of William H. Bair Trucking Company, drove a truck to the Camden Marine Terminal, operated and controlled by the South Jersey Port Commission, to pick up a load of large rolls of paper, weighing between 2,500 and 4,000 pounds each, which had just come into the terminal on a barge. Cherry was one of a group of men assigned by the terminal to the work of unloading the rolls from the barge onto the truck. He would pick up a roll by means of a fork lift, transport it a short distance to the Bair truck, raise it and let it roll onto the truck. Kelly was on the truck directing where the paper should be placed. In raising a load up to the top row Cherry failed to observe Kelly's

presence and rolled the paper in such a manner that it struck and seriously injured Kelly. It is not disputed that Cherry was in the employ of the terminal, that Kelly was Bair's employee, or that the truck was at the terminal and being used in connection with the Bair Trucking Company business. In fact, Mr. Bair was on the terminal premises but not at the scene of the accident.

At the time of the accident plaintiff Maryland Casualty Company had in force a comprehensive general liability policy insuring the Port Commission for public liability. Cherry was not included within the coverage of that policy. Defendant Manufacturers had in force a standard automobile liability policy insuring the Bair Trucking Company for bodily injury or property damage arising out of the ownership, maintenance or use of its vehicles. The trucking company was also covered by a workman's compensation policy issued by Manufacturers, and compensation benefits were paid to Kelly thereunder.

Kelly in due course instituted an action against Cherry and the Port Commission, alleging that the injuries he had suffered resulted from Cherry's negligence and that the Port Commission was liable under the doctrine of *respondeat superior*. The Port Commission and Cherry demanded that Manufacturers assume the defense of Kelly's action on their behalf, claiming coverage under the "omnibus clause" (of which more hereafter) in its policy insuring the Bair Trucking Company. When Manufacturers refused to do so plaintiff, performing its contractual obligations under its policy insuring the Port Commission, assumed the defense of the Commission. It settled Kelly's claim during the pendency of the litigation by paying him $20,000, in consideration for which Kelly gave the Camden Marine Terminal, the Port Commission and plaintiff a general release. His action was thereupon dismissed as to them, with prejudice. It still subsists as against Cherry.

Maryland Casualty Company, as plaintiff, then brought the instant action, seeking reimbursement by way of indemnification or, in the alternative, contribution from Manufac-

turers and Cherry, joining Kelly and the Bair Trucking Company as parties defendant. By its answer Manufacturers alleged that neither Cherry nor the Port Commission were insured parties, covered by the omnibus clause of its policy, because Cherry was not using the Bair truck within the meaning of the "loading and unloading" clause; and further, that under the exclusion clause in its policy it was not liable for injury to any employee of an insured covered by workmen's compensation.

Cherry cross-claims against Manufacturers, claiming he was an insured under the omnibus clause of its policy; in effect, he demands that Manufacturers save him harmless of any claim by plaintiff based on its contention that he is liable to it because of his liability to his employer, the Port Commission, for having caused it a loss by the negligent performance of his work.

Plaintiff and defendant Manufacturers stipulated that neither the amount of the settlement entered into by plaintiff on behalf of the Port Commission, nor the means by or manner in which it was effected, would be contested and, further, that the liability of the Port Commission arose by reason of the relationship of *respondeat superior* between the Commission and Cherry.

The Law Division judge held that although the Port Commission and Cherry came within the definition of "insured" of the omnibus clause, they were excluded from coverage under the terms of the exclusion clause. He gave the exclusion clause a literal reading and said that the policy did not cover the instant situation because the employee injured was an employee of an insured, specifically the named insured, and benefits for his injury were payable to him under workmen's compensation. In arriving at this conclusion he relied heavily upon the case of *Standard Surety & Casualty Co. of New York v. Maryland Casualty Co.*, 281 *App. Div.* 446, 119 *N. Y. S. 2d* 795 (*App. Div.* 1953). See 43 *N. J. Super.* 323 (*Law Div.* 1957).

The appeal from the dismissal of plaintiff's complaint and defendant Cherry's cross-claim raises three questions: (1) are

defendants Port Commission and Cherry "insureds" under the Manufacturers' policy by virtue of its omnibus clause; (2) are these defendants excluded from coverage under the policy by reason of its exclusion clause; and (3) is plaintiff, as the subrogee of defendant Port Commission, entitled to full indemnification from defendant Manufacturers because of the relationship between the Port Commission and its employee Cherry, and the fact that he is not covered by any other insurance?

What has been referred to as the omnibus clause in Manufacturers' policy reads as follows:

"III DEFINITION OF 'INSURED.' The unqualified word 'insured' wherever used in coverages A and B [bodily injury and property damage liability, respectively] and in other parts of this policy, when applicable to such coverages, includes the named insured and also includes, under divisions 1 and 2 [owned and hired automobiles] of the Definition of Hazards, any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured * * *."

Paragraph 5 of the "Conditions" of the policy, captioned "Purposes of Use Defined," states:

"* * * (c) use of the automobile for the purposes stated includes the loading and unloading thereof."

I.

Defendant Manufacturers would have it that neither Cherry nor the Port Commission were covered by the omnibus clause because neither was "using" the Bair truck.

The "loading and unloading" clause is a phrase of extension, expanding the term "while using the automobile." For an accident to be covered by that clause it must have occurred during the process of loading or unloading the vehicle and be causally connected with that act. There is a causal connection if the loading or unloading was the efficient cause of the accident. See generally, Annotation, 160 *A. L. R.* 1259 (1946).

The Bair truck was unquestionably being used with the permission of its owner, the named insured under Manufacturers' policy. Not only was Kelly, its driver, so using it, but every employee of the terminal who was assigned to loading the truck with the rolls of paper brought from the barge. Cherry was such an employee, and it matters not the slightest that he may have stopped his fork lift just short of the back of the truck and from that point raised the roll of paper to the loading point. What he was doing was part of the complete operation of loading. Cherry was acting for his employer, and the Port Commission was vicariously liable for his acts. It was "using" the truck through him. The trial judge properly found that the Port Commission and Cherry were additional insureds under the omnibus clause. *American Oil & Supply Co. v. United States Casualty Co.*, 19 *N. J. Misc.* 7, 18 *A. 2d* 257 (*Sup. Ct.* 1940); *Wagman v. American Fidelity & Casualty Co.*, 304 *N. Y.* 490, 109 *N. E. 2d* 592 (*Ct. App.* 1952); and see Annotation, 160 *A. L. R.* 1259, above.

## II.

The question then arises whether the Port Commission and Cherry may, as additional insureds, claim the benefit of the policy in view of the provisions of the following exclusion clauses:

"THIS POLICY DOES NOT APPLY:

\*        \*        \*        \*        \*        \*        \*

(d) under coverages A and C, to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment, other than domestic, of the insured or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law;

(e) under coverage A, to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law;

\*        \*        \*        \*        \*        \*        \*        \*."

The position of plaintiff insurance company is that the Port Commission and Cherry are not excluded from coverage under the Manufacturers' policy because the term "insured"

in the exclusion clauses just quoted means the insured claiming the benefit of the policy, and no other—*i. e.*, the entity being sued on the particular claim involved, in this case the Port Commission and Cherry, not Bair.

In *Schneider v. New Amsterdam Casualty Co.*, 22 *N. J. Super.* 238, 242-243 (*App. Div.* 1952), this court had occasion to review certain basic principles which control the construction of insurance contracts. We observed that such contracts must, wherever possible, be liberally construed in favor of a policyholder or beneficiary thereof, and strictly construed against the insurer in order to afford the protection which the insured sought to obtain. Where the meaning of the words employed is at all doubtful or uncertain, or if for any reason any ambiguity appears either in the policy as a whole or in any portion thereof, the insured is to have the benefit of a favorable construction in each instance. And where, from the language of the policy it is possible to adopt either of two reasonably consistent interpretations, the court will adopt that construction which permits recovery, rather than one which would deny coverage.

Under the omnibus clause the unqualified word "insured" includes persons other than the named insured. When such unqualified word appears in the quoted exclusion clauses it means, insofar as a particular claim is concerned, either the named insured or an omnibus insured—not both. We note that "insured" in those clauses is used in the singular and not the plural; the reference is to *"the* insured."

The difference in the application of the use of the word "insured" in the omnibus clause and in the exclusion clauses was explained at length in *Pullen v. Employers' Liability Assurance Corp.*, 230 *La.* 867, 876-878, 89 *So.* 2d 373, 376 (*Sup. Ct.* 1956):

"* * * The omnibus clause, in the sense in which it uses the unqualified word 'insured,' makes potential reference to *every* insured, and thus evidences its purpose and intent to offer protective coverage to any and every insured defined in its provisions. And that is all the omnibus clause and the unqualified word 'insured' used therein can be held to mean. Since it is illogical to suppose that it was

designed to do the double duty of describing both the inclusions and exclusions of policy coverage, it is reasonable to conclude that it was intended to extend coverage only. Hence, the omnibus clause is intended to extend, and not to limit, coverage.

On the other hand, the very nature of the term and title of the exclusion clause suggests that it is intended to delimit and restrict coverage. It is necessarily exclusive instead of inclusive, restrictive rather than comprehensive. It is quite clearly designed to identify and point out such persons who are *not entitled* to the protective coverage of the policy.

While the unqualified word 'insured' used in the omnibus clause refers to every insured covered by the policy, it does not follow that the use of the same word in the exclusion clause makes the same inclusive reference to every insured. It is obvious that to import such meaning into the exclusion clause would not only do violence to the policy purpose of coverage, but would destroy it by its suicidal implication of absolute nullity by comprehensive exclusion. * * *

*   *   * Hence, the word has no distinct meaning apart from that of the clause in which it is used, and it must be read and considered in the light of the adjunctive or descriptive language of that clause, as well as in view of its purpose and intent, and thus must partake of the meaning of the clause itself. Thus, in the omnibus clause the word has the comprehensive meaning of that clause in accordance with its language, purpose and design, while in the exclusion clause it bears the stamp and import of that particular clause and has a restrictive meaning. In the final analysis, it is the meaning of the clause, rather than that of a single word, that requires interpretation."

■■ As was pointed out in that case, the omnibus clause extends coverage only and does not point out exclusions. The identity of the insured intended to be excluded from the benefits of coverage cannot therefore be found in the omnibus clause, but must be sought within the perimeter and language of the exclusion clauses, which must necessarily be examined and interpreted in the light of their own design and intent, as well as in view of the objects and purposes of the policy. Exclusion, being in limitation of policy coverage, must necessarily be specific and not general.

■ In the light of these considerations, we are of the opinion that the literal construction which the trial court gave to the exclusionary language ran counter to its obvious purpose. We do not agree that plaintiff was not entitled to the indemnification or contribution it sought simply be-

cause the injured employee of the named insured was entitled to workmen's compensation benefits. The clear intent of the exclusionary language of the policy was to relieve Manufacturers of responsibility under the policy where an employee of an insured was making a claim against his employer in connection with injury covered by workmen's compensation. We hold that the reference to "the insured" in the quoted exclusionary clauses applies only to the particular insured, whether the named insured or an additional insured under the omnibus clause, whose employee is suing him on account of the injury in question notwithstanding that the injury was compensable through workmen's compensation payments. Where, as here, an employee of the named insured was not suing the named insured, who had nothing to do with the negligent action which gave rise to the employee's claim, but sued an additional insured who was not his employer, the obvious purpose of the exclusionary clauses is not implicated.

As we read the exclusion clauses, the basis for exclusion is the existence of an employer-employee relationship between the insured defendant and the injured claimant, and the insured defendant must be identified as the employer before he can be subject to exclusion. Absent an employer-employee relationship between the insured and the injured, exclusion does not apply to the insured, and the latter remains under the protective coverage of the policy.

As was said in the *Pullen* case, "even if any other insured or any number of insureds were involved directly or indirectly and whether or not their liability was sought, the test of identification for exclusion must be applied to each specifically and not to all collectively, * * * and the exclusion or non-exclusion of any insured has no reference or relevance to that of any other insured where there is no connection or relationship between them."

In short, we hold that the exclusionary language of the policy should be restricted in its application to the particular insured seeking the protection of the policy under the facts of each case as it arises. This conclusion accords

with what we consider the better view expressed in such cases as *Pullen v. Employers' Liability Assurance Corp.,* above; *Saint Paul-Mercury Indemnity Co. v. American Fidelity & Casualty Co.,* 146 *F. Supp.* 39 (*D. C. D. Ala.* 1956); *Pleasant Valley Lima Bean, etc., Ass'n. v. Cal-Farm Ins. Co.,* 142 *Cal. App.* 2d 126, 298 *P.* 2d 109 (*D. Ct. App.* 1956); *Motor Vehicle Cas. Co. v. Smith,* 247 *Minn.* 151, 76 *N. W.* 2d 486 (*Sup. Ct.* 1956); *New v. General Casualty Co.,* 133 *F. Supp.* 955 (*D. C. M. D. Tenn.* 1955); *Sandstrom v. Clausen's Estate,* 258 *Wis.* 534, 46 *N. W.* 2d 831 (*Sup. Ct.* 1951); *McMann v. Faulslich,* 259 *Wis.* 7, 47 *N. W.* 2d 317 (*Sup. Ct.* 1951); *Kaifer v. Georgia Casualty Co.,* 67 *F.* 2d 309 (9 *Cir.* 1933); *Ginder v. Harleysville Mutual Cas. Co.,* 49 *F. Supp.* 745 (*D. C. E. D. Pa.* 1942), affirmed 135 *F.* 2d 215 (3 *Cir.* 1943); *cf. Lumber Mutual Cas. Ins. Co. of New York v. Stukes,* 164 *F.* 2d 571 (4 *Cir.* 1947); and see, generally, Annotation, 50 *A. L. R.* 2d 78, §§ 6(*a*) and (*c*), 7, *pp.* 97, 101, 104 (1956).

We consider the views expressed in the following cases, to the extent that their language would seem to support the view of defendant Manufacturers, as defeating the protection intended by the parties to the insurance contract: *Vaughn v. Standard Surety & Casualty Co.,* 27 *Tenn. App.* 671, 184 *S. W.* 2d 556 (*Ct. App.* 1944); *Gibbs v. Employers Mutual Liab. & Ins. Co. of Wisconsin,* 224 *N. C.* 462, 31 *S. E.* 2d 377 (*Sup. Ct.* 1944); *Pearson v. Johnson,* 215 *Minn.* 480, 10 *N. W.* 2d 357 (*Sup. Ct.* 1943); *Webb v. American Fire & Cas. Co.,* 148 *Fla.* 714, 5 *So.* 2d 252 (*Sup. Ct.* 1941); *Associated Indemnity Corp. v. Wachsmith,* 2 *Wash.* 2d 679, 99 *P.* 2d 420, 127 *A. L. R.* 531 (*Sup. Ct.* 1940); *Birrenkott v. McManamay,* 65 *S. D.* 581, 276 *N. W.* 725 (*Sup. Ct.* 1937); *Standard Surety & Casualty Co. of New York v. Maryland Casualty Co.,* 281 *App. Div.* 446, 119 *N. Y. S.* 2d 795 (*App. Div.* 1953) (followed in *Greaves v. Public Service Mutual Ins. Co.,* 156 *N. Y. S.* 2d 754 (*Sup. Ct., Spec. Term* 1956)), but see *Morgan v. Greater New York Taxpayers Mutual Ins. Ass'n,* 305 *N. Y.* 243, 112 *N. E.* 2d 273 (*Cl. App.* 1953), decided soon after the

*Standard Surety* case and which would seem to have impliedly overruled it.

Cherry and the Port Commission are the insureds claiming the benefit of the policy. (Plaintiff, having defended Kelly's suit against them by reason of its public liability policy covering the Port Commission, and having settled that suit, lays claim to this benefit.) The injured party, Kelly, was not an employee of either Cherry or the Port Commission. There was therefore no relationship, as between Kelly and those claiming the benefit of the policy as insureds under the omnibus clause, which would deny protection by reason of the exclusion clauses. To put it another way, under the language of the exclusion clauses quoted above, "the insured" refers to Cherry or the Port Commission, and neither of these, or any company as their insurer, has any obligation to Kelly under any workmen's compensation act, Kelly not being an employee of either. That being so, any action Kelly had against them is a common-law action against negligent third parties, independent of any compensation act. Such an action is expressly recognized by our own Workmen's Compensation Act, *N. J. S. A.* 34:15–40, which provides that where a third party is liable to the employee for an injury, the existence of a right of compensation from the employer or its insurance carrier shall not operate as a bar to the employee's action, nor be regarded as establishing a measure of damages therein.

The conclusion we have drawn from our reading of the policy accords with the principles set out in *Schneider v. New Amsterdam Casualty Co.,* above, 22 *N. J. Super.* 238, 242–243, and the cases therein cited. If the reference to "the insured" in the language of the exclusionary clauses be ambiguous, the insured should have the benefit of a favorable construction; or if the language is reasonably capable of two interpretations, that one should be adopted which permits recovery. We determine, therefore, that Cherry and his employer, the Port Commission, were additional insureds, and included in the coverage of Manufacturers' policy.

## III.

We deal, now, with the third question raised on this appeal, namely, whether plaintiff, as subrogee of defendant Port Commission, is entitled to full indemnification from defendant Manufacturers because of the relation between the Port Commission and its employee Cherry, and the fact that the latter is not covered by any other insurance. Defendant offers no argument to support a view that its liability would be less than such full indemnification if it is not relieved of responsibility under either of the points of argument hereinabove set forth.

Both plaintiff's public liability policy and Manufacturers' standard automobile liability policy contain an "other insurance" clause, which normally would have the consequence of participation in the loss by both companies in the proportion that the applicable limits of liability stated in their respective policy declarations bore to the total applicable limit of liability. The clause does not apply here because the policy issued by plaintiff insured only the Port Commission. It was therefore not called upon to share any liability of Cherry arising out of his negligence.

Plaintiff's claim of a right of indemnification from Cherry stems from the fact that the Port Commission, as Cherry's employer, had a right of action against its employee to recover what it had been obliged to pay in damages to a third person (Kelly) because of Cherry's negligence. By the terms of its policy, plaintiff is subrogated to the rights of its insured, the Port Commission, and thus has a right over against Cherry. It has been held that where a principal or employer is not in fault, but has been compelled to pay damages to a third person for the negligence of his agent or employee, he may maintain an action over against such servant or employee to recover what he has been compelled to pay. *Frank Martz Coach Co., Inc., v. Hudson Bus Transportation Co., Inc.*, 23 *N. J. Misc.* 342, 346, 44 *A.* 2d 488 (*Sup. Ct.* 1945); 42 *C. J. S. Indemnity* § 21, p. 597 (1944).

■ Full indemnification and recovery should be allowed plaintiff to prevent circuity of action. Were we to restrict plaintiff to recovery of only part of the sum paid Kelly in settlement of his claim, there would eventually have to be another action brought by plaintiff against Cherry to recover the balance. In such a subsequent action defendant Manufacturers would be responsible for the payment of any recovery against Cherry, their insured under the omnibus clause. Circuity of action is to be avoided. *United States Fidelity & Guaranty Co. v. Church,* 107 *F. Supp.* 683 (*D. C. Cal.* 1952); *Maryland Casualty Co. v. Employers' Mutual Liab. Ins. Co.,* 208 *F. 2d* 731 (*2 Cir.* 1953).

Reversed with direction that judgment be entered in plaintiff's favor against defendant Manufacturers for the amount demanded in the complaint. The complaint will be dismissed as to defendant Cherry.