88 N.J. Super. 535 (1965)
212 A.2d 863
VITO CAPECE, PLAINTIFF,
v.
ALLSTATE INSURANCE COMPANY, A CORPORATION OF ILLINOIS, DEFENDANT AND THIRD-PARTY PLAINTIFF,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, A CORPORATION OF ILLINOIS, AND UNITED STATES FIDELITY AND GUARANTEE CO., A CORPORATION OF MARYLAND, THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided August 3, 1965.
*537 Mr. John S. Bender for third-party plaintiff Allstate Insurance Company (Messrs. Marley, Winkelried & Hillis, attorneys).
Mr. Henry H. Rubenson for third-party defendant State Farm Mutual Automobile Insurance Co. (Messrs. Oppenheim & Oppenheim, attorneys).
LABRECQUE, J.S.C.
Plaintiff Vito Capece, a service station operator, obtained a final judgment against Bartholemew Giordano arising out of an accident which occurred on October 25, 1960, in which he was struck by an automobile which had *538 been entrusted to him for servicing by Linda Magnano, the owner, as it was being driven onto a service lift by Giordano. The facts concerning the accident are fully set forth in a prior opinion, Capece v. Allstate Ins. Co. v. State Farm, etc., Ins. Co., 86 N.J. Super. 462 (Law Div. 1965).
Judgment was entered against Giordano and in favor of Capece for $9,359 damages. The present suit was thereupon instituted against Allstate Insurance Company (Allstate), Giordano's carrier, and resulted in a summary judgment against Allstate. Allstate now seeks indemnification or contribution from State Farm Mutual Automobile Insurance Company (State Farm) which covered the Magnano car.
The present opinion deals with the interpretation to be accorded an exclusionary provision in State Farm's policy which provides that:
"This insurance does not apply under: * * * (g) coverage A(1) * * * or (2) to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured." (Emphasis added)
State Farm urges that, since Capece was responsible for the operation of the Magnano vehicle from the time it was entrusted to him for servicing, he thereby became a person responsible for the use thereof who came within the definition of an "insured" under the insuring portion of the policy (the proofs indicate that Capece had been standing in front of the lift guiding Giordano as he drove the car onto the lift so that it could be worked upon), and hence was an "insured" excluded from coverage by the clause in question.
Briefly put, the question here presented is whether the exclusionary clause precludes State Farm's liability on behalf of a negligent insured (Giordano) to a second insured (Capece) who has sustained injuries by reason of such negligence. There appears to be no New Jersey case bearing directly upon the point. However, Allstate contends that it is controlled by Maryland Cas. Co. v. N.J. Mfrs., etc., Ins. Co., 48 N.J. Super. 314 (App. Div. 1958), affirmed 28 N.J. 17 *539 (1958). It urges that the exclusionary clause applies only to one who qualifies as an insured and is seeking the protection of the policy; hence, since Giordano is the only insured seeking the protection of the policy, Capece, even though qualifying as an additional insured, was entitled to recover on the policy for injuries sustained by reason of Giordano's negligence.
In the cited case Kelly, the injured person, had driven his employer's truck to the marine terminal of the South Jersey Port Commission (Commission) to pick up a load. One Cherry, an employee of the Commission, was one of a group of men assigned to unloading cargo from a barge onto the truck. Through Cherry's negligence, Kelly was injured during the unloading process. Maryland Casualty Company (Maryland) had in force a comprehensive general liability policy insuring the Commission. The trucking company which employed Kelly was covered by a liability policy issued by New Jersey Manufacturers Casualty Insurance Co. (Manufacturers). Kelly sued Cherry and the Commission. They, in turn, demanded that Manufacturers assume the defense of the case since the accident had occurred during "loading and unloading," a situation covered by Manufacturers' policy. Upon Manufacturers' refusal to defend, Maryland did so and eventually settled Kelly's claim.
Maryland thereupon sued Manufacturers for indemnification or contribution. Manufacturers countered that, under an exclusionary clause of its policy, it was not liable for injuries to any employee of an insured who was covered by workmen's compensation. Since Manufacturers insured the trucking company and since Kelly was the latter's employee, and hence covered for workmen's compensation, it was contended that it was not liable. A judgment of the Law Division sustaining this defense was reversed on appeal, the Appellate Division holding:
"* * * The clear intent of the exclusionary language of the policy was to relieve Manufacturers of responsibility under the policy where an employee of an insured was making a claim against his employer *540 in connection with injury covered by workmen's compensation. We hold that the reference to `the insured' in the quoted exclusionary clauses applies only to the particular insured, whether the named insured or an additional insured under the omnibus clause, whose employee is suing him on account of the injury in question notwithstanding that the injury was compensable through workmen's compensation payments. Where, as here, an employee of the named insured was not suing the named insured, who had nothing to do with the negligent action which gave rise to the employee's claim, but sued an additional insured who was not his employer, the obvious purpose of the exclusionary clauses is not implicated.
As we read the exclusion clauses, the basis for exclusion is the existence of an employer-employee relationship between the insured defendant and the injured claimant, and the insured defendant must be identified as the employer before he can be subject to exclusion. Absent an employer-employee relationship between the insured and the injured, exclusion does not apply to the insured, and the latter remains under the protective coverage of the policy." (48 N.J. Super., at p. 324)
Since Maryland, on behalf of the Commission, was seeking the protection of the policy, i.e., indemnification from Manufacturers, and since Kelly was not employed by the Commission, it was held that the exclusion did not apply and that Maryland was entitled to full indemnification against Manufacturers.
The principles set forth in the cited case are clearly inapplicable to the present controversy. Here, since the only insured who would be seeking protection of the policy would be a defendant, their application would eliminate the liability of the insurer in any suit by defendant against himself  an utter impossibility! We must therefore look further for an interpretation of the clause in question.
Certain basic principles underlie construction of insurance contracts. They are, wherever possible, to be liberally construed in favor of the policyholder or beneficiary and strictly construed against the insurer in order to afford the protection which the insured sought in applying for the insurance. Schneider v. New Amsterdam Cas. Co., 22 N.J. Super. 238, 242-243 (App. Div. 1952). Where the meaning of the words employed is doubtful or uncertain, or ambiguity appears, the insured is to have the benefit of a favorable construction. *541 Id. And where the language of the policy is capable of two reasonably consistent interpretations, the court will adopt that which permits recovery rather than one which would deny coverage. Ohio Cas. Ins. Co. v. Flanagin, 44 N.J. 504, 513 (1965). However, the court will not make a new agreement for the parties, and exceptions, exclusions and reservations in a policy which are not inconsistent with public policy will be construed in accordance with their language and the usual rules governing the construction of insurance contracts.
In construing the word "insured" in an exclusionary clause in a policy, the court is not restricted to the definition of an insured as contained in the omnibus clause. It is the purpose of the omnibus clause to extend coverage. Maryland Cas. Co. v. N.J. Mfrs., etc., Ins. Co., supra, 48 N.J. Super., at pp. 322-323. On the contrary the exclusionary clause is for the purpose of delimiting and restricting coverage. Id.; Pullen v. Employers' Liability Assurance Corp., 230 La. 867, 876-878, 89 So.2d 373, 376 (Sup. Ct. 1956). The exclusionary clause must necessarily be examined and interpreted in the light of its own design and intent as well as in view of the objects and purposes of the policy. Such exclusions, being in limitation of policy coverage, must be specific and not general. Maryland Cas. Co. v. N.J. Mfrs., etc., Ins. Co., supra, 48 N.J. Super., at p. 323. Cf. Madden v. Farm Bureau Mutual Auto. Ins. Co., 82 Ohio App. 111, 79 N.E.2d 586 (Ct. App. 1948).
Here, State Farm's policy obligated it:
"To pay all damages which the insured shall become legally obligated to pay because of
(A) bodily injury sustained by other persons * * * caused by accident arising out of the ownership, maintenance or use, * * * of the owned automobile." (Emphasis added)
The definition clause of the policy provided:
"NAMED INSURED  means the individual so designated in the declarations and also includes his spouse, if a resident of the same household.
*542 INSURED  under coverages A, B, C and M, the unqualified word `insured' includes (1) the named insured, and also includes (2) his relatives, (3) any other person while using the owned automobile, provided the actual use of such automobile is with the permission of the named insured, and (4) under coverages A and B any person or organization legally responsible for the use thereof by an insured as defined under the three subsections above."
Giordano qualified as an additional insured under subsection (3), above, and Capece qualified as an additional insured (not a named insured as erroneously stated at one point in the court's previous opinion, 86 N.J. Super., at p. 478), under subsection (4).
We are not concerned, as in Maryland Cas. Co. v. N.J. Mfrs., etc., Ins. Co., with clearing up an ambiguity as to which employer's employees are precluded from recovery by an exclusionary clause. Nor are we concerned with determination of the identity of the specific insured, members of whose family would be excluded from recovery under the policy. Morris v. State Farm Mut. Auto. Ins. Co., 88 Ga. App. 844, 78 S.E.2d 354 (Ct. App. 1953); Zipperer v. State Farm Mut. Auto. Ins. Co., 254 F.2d 853 (5 Cir. 1958); Pearson v. Johnson, 215 Minn. 480, 10 N.W.2d 357 (Sup. Ct. 1943); Great American Insurance Co. v. State Farm Mut. Auto. Ins. Co., 412 Pa. 538, 194 A.2d 903 (Sup. Ct. 1963). The issue here involved is the extent of the carrier's obligation to "the insured" himself.
The rule is generally well settled that policies containing clauses which specifically exclude from coverage injuries sustained by the named assured, are effective to preclude the company's liability to such named assureds. 7 Appleman, Insurance Law and Practice, § 4409, p. 377 (1962); Frye v. Theige, 253 Wis. 596, 34 N.W.2d 793, 50 A.L.R.2d 124 (Sup. Ct. 1948); Jenkins v. Morano, 74 F. Supp. 234 (D.C. Va. 1947); Musselman v. Mutual Auto. Ins. Co., 266 Wis. 387, 63 N.W.2d 691 (Sup. Ct. 1954); Havlik v. Bittner, 272 Wis. 71, 74 N.W.2d 798 (Sup. Ct. 1956); Kerr v. New Amsterdam Cas. Co., 251 App. Div. 580, 297 N.Y.S. 889 (App. Div. 1937), affirmed 276 N.Y. *543 648, 12 N.E.2d 803 (Ct. App. 1938), reargument denied 278 N.Y. 566, 16 N.E.2d 105. And in Shaw, for Use of Michigan Mut. Liability Ins. Co. v. State Farm Mutual Ins. Co., 107 Ga. App. 8, 129 S.E.2d 85 (Ct. App. 1962), a clause excluding liability to "the insured" was likewise held to apply to the named insured, where he sought to recover against an additional insured under the omnibus clause. In that case, which involved an insuring clause similar to the one sub judice, the owner of the insured vehicle, while riding as a passenger therein, sustained injuries for which he sued the driver. The driver's carrier, after unsuccessful efforts to induce the owner's carrier (State Farm) to defend, settled the case and sought to recover against State Farm as the primary carrier. The exclusion contained in State Farm's policy was held effective to defeat recovery. On the other hand, in the absence of such a clause, the preponderance of authority permits recovery by the named insured, where injured through the negligence of a person covered by the omnibus clause. Seaman v. State Farm Mut. Auto. Ins. Co., 15 Ill. App.2d 537, 146 N.E.2d 808 (App. Ct. 1958); Howe v. Howe, 87 N.H. 338, 179 A. 362 (Sup. Ct. 1935); Hardtner v. Aetna Cas. & Surety Co., 189 So. 365 (La. App. 1939); Farmer v. United States Fidelity and Guaranty Corp., 11 F. Supp. 542 (D.C. Ala. 1935).
In Hardtner v. Aetna Cas. & Surety Co., supra, Hardtner, the named assured in an automobile policy written by defendant Aetna, was killed while the covered vehicle was being driven by one Richey, who was driving with Hardtner's permission. Upon the recovery of a judgment against Richey and the failure of Aetna to pay, suit was instituted. The policy contained a provision whereby Aetna agreed to provide coverage in respect to claims on account of damage to property of "others," or bodily injury to "others." The court held that the word "others," as used in the insuring provision, meant persons other than Richey, the operator of the car, and that a recovery might be had on the policy for the death of the named insured. The court stated:
*544 "Under the express provisions of the contract, the Insurance Company is not interested in nor concerned with the matter as to who shall receive the award of damages resulting from an injury occasioned by the operation of the automobile covered by the contract of insurance. The sole purpose of the contract is to indemnify all persons who fall within its provision and are not specifically excepted therein. One who is operating the automobile with the consent of the owner and named assured in the policy, as was Richey [the driver], is covered by the policy and it does not except from its benefit the named assured under the circumstances of this case. The named assured, so far as Richey was concerned, was an `other person' under the policy." (189 So., at p. 376)
However, the court noted that there was no exclusionary clause in the contract, a fact which it apparently deemed significant. Compare Hepburn v. Pennsylvania Indemnity Corp., 71 App. D.C. 257, 109 F.2d 833 (D.C. Cir. 1939), where the policy contained a provision excluding liability for injuries to the named insured or any other person claiming to be an insured.
I am inclined to the view and hold that, by the exclusionary clause in question, Capece is precluded from recovering against State Farm, either by way of indemnification or contribution. This conclusion finds support in both the insuring and exclusionary clauses. As to the former, the policy does not obligate State Farm to pay damages which the insured may become legally obligated to pay because of bodily injury or property damage suffered by any person, as is generally the case. It obligates the company to pay damages which the insured shall become legally obligated to pay because of (a) bodily injury sustained by other person  and property damage to others  caused by accident arising out of the use of the owned automobile. There is significance to the choice of words thus utilized which is reflected in the exclusionary clause here in question. The policy was intended to cover injuries sustained by persons other than the insured. The circumstances of the accident which give rise to liability determine who qualifies as an insured in a given case.
As was said in Pullen v. Employers' Liability Assurance Corp., supra, "the test of identification for exclusion must be *545 applied to each specifically and not to all collectively, * * * and the exclusion or non-exclusion of any insured has no reference or relevance to that of any other insured where there is no connection or relationship between them." (Emphasis added)
Here there was such connection. Upon the occurrence of the accident Giordano, who was driving with permission, qualified as an insured. Hardtner, supra. By the same token, Capece, who was also  through Giordano  operating the automobile with permission and thus responsible for its operation, also became an insured. As such, he was disentitled to recover from State Farm the amount of his judgment against Giordano. Since he cannot do so, neither can Allstate.
None of the cases cited by counsel for Allstate hold to the contrary. While he points out a number of cases where State Farm has argued that the words "the insured," in an exclusionary clause similar to the one in question had reference to the "named assured," Shaw, for Use of Michigan Mut. Liability Ins. Co. v. State Farm Mutual Ins. Co., supra; Great American Insurance Co. v. State Farm Mut. Auto. Ins. Co., supra, in each case, it was the named assured or a member of his family who was seeking to recover. In any event, it is the court's duty to construe the policy as written, considering the language used in the clause in question in the light of its own design and intent and the objects and purposes of the policy. Maryland Cas. Co. v. N.J. Mfrs., etc., Ins. Co., supra, 48 N.J. Super., at p. 323. This the court has done.
Judgment is accordingly entered in favor of the third-party defendant and against the third-party plaintiff. An appropriate order may be submitted.