91 N.J. Super. 60 (1966)
219 A.2d 190
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, AN ILLINOIS CORPORATION, AUTHORIZED TO DO BUSINESS IN NEW JERSEY, PLAINTIFF,
v.
LORRAINE COCUZZA, AN INFANT, BY HER GUARDIAN AD LITEM, JAMES COCUZZA, JAMES COCUZZA, INDIVIDUALLY, AND CHARLES RYAN, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided April 20, 1966.
*61 Mr. Daniel Oppenheim for plaintiff (Messrs. Oppenheim and Oppenheim, attorneys; Mr. Henry H. Rubenson on the brief).
Mr. Sidney C. Swirsky for defendants (Mr. Walter S. Swirsky on the brief).
MINTZ. J.S.C.
This is a declaratory judgment action in which plaintiff seeks a construction of certain provisions in an automobile liability insurance policy, and particularly an adjudication of noncoverage by virtue of an exclusionary clause in said policy. The facts have been stipulated.
Plaintiff issued an automobile liability insurance policy to James Cocuzza covering a 1963 Ford automobile for a period from April 26, 1963 to March 28, 1965. This policy was not issued pursuant to the Motor Vehicle Security-Responsibility Law. N.J.S.A. 39:6-23 et seq. On January 31, 1965 defendant *62 Charles Ryan operated said automobile with the permission of James Cocuzza. This automobile was involved in an accident in which Lorraine Cocuzza, a passenger in the automobile and the infant daughter of James Cocuzza, was injured. Lorraine was then 16 years of age, a member of her father's household and supported by him. Ryan at this time was a boarder in the Cocuzza home. On May 11, 1965 a negligence action was instituted in the Essex County Court, Law Division, by Lorraine Cocuzza an infant, by her guardian ad litem James Cocuzza, and James Cocuzza individually against Ryan for personal injuries sustained by Lorraine in said accident, and for consequential damages suffered by her father. Plaintiff contends that the policy of insurance specifically excludes from coverage claims made by the named insured or any member of his family residing in the same household as the named insured.
The relevant clauses of the policy are as follows:

"INSURING AGREEMENT I  THE OWNED AUTOMOBILE
(1) To pay all damages which the insured shall become legally obligated to pay because of (A) bodily injury sustained by other persons, and (B) injury to or destruction of property of others, caused by accident arising out of the ownership, maintenance or use, including loading or unloading of the owned automobile. * * *

* * * * * * * *

DEFINITIONS  INSURING AGREEMENTS I AND II
Named Insured  means the individual so designated in the declarations and also includes his spouse, if a resident of the same household.
Insured under coverages A, B, C and M, the unqualified word `insured' includes (1) the named insured, and also includes (2) his relatives, (3) any other person while using the owned automobile, provided the actual use of such automobile is with the permission of the named insured, and (4) under coverages A and B any person or organization legally responsible for the use thereof by an insured as defined under the three subsections above.

* * * * * * * *

EXCLUSIONS  INSURING AGREEMENTS I AND II
This insurance does not apply under:

* * * * * * * *
(g) coverage A, to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured;

* * * * * * * *"
*63 Plaintiff asserts that James Cocuzza and his injured daughter are not entitled to any recovery on the policy by virtue of the exclusionary clause (g) in that James Cocuzza is the named insured and his infant daughter resides in his household. Defendants urge that the word "insured" in clause (g) should be interpreted to mean Ryan, the person being sued and claiming coverage as an additional insured under the policy in this instance. Therefore, as James and Lorraine Cocuzza are not members of Ryan's family and Ryan is the only insured seeking the protection of the policy, the Cocuzzas are entitled to recover on the policy for injuries sustained by reason of Ryan's negligence.
It is settled law that whenever possible policies of insurance are to be construed in favor of the policyholder or beneficiary and strictly construed against the insurer. Schneider v. New Amsterdam Cas. Company, 22 N.J. Super. 238 (App. Div. 1952); Capece v. Allstate Ins. Co. v. State Farm, etc., Ins. Co., 88 N.J. Super. 535 (Law Div. 1965). Where any ambiguity appears, the insured is to have the benefit of a favorable construction. Id. And where the language of the policy is capable of two reasonable interpretations, the court will adopt that which permits recovery rather than the one which would deny coverage. Ohio Cas. Ins. Co. v. Flanagin, 44 N.J. 504 (1965). However, as was said in Capece, supra, 88 N.J. Super., at p. 541, where it was held that the specific exclusionary clause involved herein was not against public policy: "* * * the court will not make a new agreement for the parties, and exceptions, exclusions and reservations in a policy which are not inconsistent with public policy will be construed in accordance with their language and the usual rules governing the construction of insurance contracts."
Though this is a case of first impression in New Jersey, courts in other jurisdictions have been confronted with the exact same factual situation involving substantially identical clauses in insurance policies. These cases hold that the named insured or a member of the family of the named insured *64 residing in the household of the named insured may not recover on the policy containing such an exclusionary clause although the car was driven by a third party who was an additional insured under the policy. Hogg v. State Farm Mutual Automoble Ins. Company, 276 Ala. 366, 162 So.2d 462 (Sup. Ct. 1964); Great American Ins. Company v. State Farm Mutual Automobile Ins. Company, 412 Pa. 538, 194 A.2d 903 (Sup. Ct. 1963); Dressler v. State Farm Mutual Automobile Ins. Company, 52 Tenn. App. 514, 376 S.W.2d 700 (Ct. App. 1963); Shaw, for Use of Michigan Mutual Liability Ins. Co. v. State Farm Mutual Automobile Ins. Company, 107 Ga. App. 8, 129 S.E.2d 85 (Ct. App. 1962); Johnson v. State Farm Mutual Automobile Ins. Company, 252 F.2d 158 (8 Cir. 1958); Perkins v. Perkins, 284 S.W.2d 603 (Mo. Ct. App. 1955); Pearson v. Johnson, 215 Minn. 480, 10 N.W.2d 357 (Sup. Ct. 1943); State Farm Mutual Automobile Ins. Company v. James, 80 F.2d 802 (4 Cir. 1936). See also Zipperer v. State Farm Mutual Automobile Ins. Company, 254 F.2d 853 (5 Cir. 1958); Annotation, 50 A.L.R.2d 120. In several of these cases defendants urged unsuccessfully the same interpretation of the exclusionary clause as is urged here by defendants.
Defendants contend that the cited decisonal authorities are not persuasive in the light of Maryland Casualty Company v. New Jersey Manufacturers Ins. Co., 48 N.J. Super. 314 (App. Div. 1958), affirmed 28 N.J. 17 (1958). In that case Kelly, the injured party, drove his employer's truck to the marine terminal of the South Jersey Port Commission (Commission) to pick up a load. Cherry, an employee of the Commission, was assigned to help unload cargo from a barge on to the truck. Through Cherry's negligence, Kelly was injured. Maryland Casualty Company (Maryland) had in force a comprehensive general liability insurance policy insuring the Commission. The trucking company was covered by a liability policy issued by New Jersey Manufacturers Casualty Ins. Company (Manufacturers). Kelly sued Cherry and the Commission. Maryland settled the case on behalf of *65 the Commission and sued Manufacturers for indemnification or contribution. Manufacturers countered that under an exclusionary clause of its policy, it was not liable for injuries to any employee of the insured who was covered by workmen's compensation. Kelly as an employee of the trucking company was covered by workmen's compensation. Under the Manufacturers policy Cherry and the Commission were addtional insureds as the injury occurred during the loading of the truck.
The court held that the exclusionary clause did not exclude coverage even though Kelly as an employee of the named insured was covered under workmen's compensation. They held that the word "insured" as used in the exclusionary clause meant the person against whom liability was asserted. Therefore, as Kelly was not an employee of the Commission, Maryland could recover upon the Manufacturers policy.
Maryland is not controlling upon the facts of the case sub judice. The court there in construing the exclusionary clause, based its decision upon the clear intent of the exclusionary language. They found that the basis for the exclusion was the existence of an employer-employee relationship between the insured defendant and the insured claimant and that the insured defendant must be identified as the employer before he can be subject to exclusion. The Appellate Division said:
"* * * Where, as here, an employee of the named insured was not suing the named insured, who had nothing to do with the negligent action which gave rise to the employee's claim, but sued an additional insured who was not his employer, the obvious purpose of the exclusionary clauses is not implicated." (at p. 324)
In the present case there is involved an entirely different exclusionary clause designed for an entirely different purpose.
Exclusionary clauses must be examined and interpreted in the light of their design and intent as well as in view of the objects and purposes of the policy. Capece, supra. The purpose of the relevant part of the policy in question was to provide liability coverage. Great American Ins. Co. v. *66 State Farm Mutual Auto Ins. Co., supra. The use of the word "other" in insuring agreement (1) under coverage A makes this clear. The exclusion of the named insured or any member of his family from recovery under clause (g) is in accord with this interpretation. It clearly appears that the parties intended to exclude the named insured and members of his family residing in the same household from recovery on the policy of insurance for any injuries sustained.
A form of judgment shall be submitted, consented to as to form or to be settled on notice.