275 N.J. Super. 117 (1994)
645 A.2d 806
JULIUS ERDO, III, PLAINTIFF,
v.
TORCON CONSTRUCTION COMPANY, INC., DEFENDANT/THIRD PARTY PLAINTIFF-APPELLANT, AND VOLLERS EXCAVATING & CONSTRUCTION INC., DEFENDANT,
v.
UNITED STATES FIDELITY AND GUARANTEE COMPANY, THIRD PARTY DEFENDANT-RESPONDENT,
v.
CONTINENTAL CASUALTY COMPANY, THIRD PARTY DEFENDANT/CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 6, 1994.
Decided July 28, 1994.
*118 Before Judges KING, HAVEY and ARIEL A. RODRIGUEZ.
Glenn A. Montgomery, argued the cause for appellant Torcon Construction Company (Pollock, Montgomery & Chapin, attorneys; Mr. Montgomery, on the brief).
Ernest Schoellkopff, argued the cause for cross-appellant Continental Casualty Company (Connell, Foley & Geiser, attorneys; John B. Lavecchia, of counsel; Mr. Schoellkopff, on the brief).
Michael J. O'Mara, argued the cause for respondent (Crawshaw, Mayfield, Riordan, Turner, O'Mara, Donnelly, Thomas & McBride, attorneys; Mr. O'Mara, on the brief).
ARIEL A. RODRIGUEZ, J.S.C. (temporarily assigned).
By leave granted, Torcon Construction Co. (Torcon) appeals the denial of a motion for summary judgment entitling it to coverage *119 and a defense by USF & G of the personal injury claim filed by plaintiff. We reverse on the authority of Maryland Casualty Co. v. New Jersey Manufacturers, 48 N.J. Super. 314, 323-324, 137 A.2d 577 (App.Div.), aff'd, 28 N.J. 17, 145 A.2d 15 (1958), and our view that the severability of interests of multiple insureds contemplated in the policy requires that result.
Torcon Construction Company, Inc. (Torcon) was the general contractor in charge of building an addition to a shopping mall. Tectonic Construction Company (Tectonic) was one of the subcontractors on the project. Tectonic agreed to obtain:
worker's compensation insurance, public liability insurance, property damage insurance, and contractual liability insurance [in specified amounts] ... protecting the owner, the contractor, and its subcontractors against all claims for damages and personal injuries, including death, or property damage suffered by persons which result directly or indirectly from the operations of the subcontractor under this agreement....
Tectonic also agreed to name Torcon as an additional insured in that policy and to submit to Torcon a certificate of insurance before it began work. Tectonic procured a policy from USF & G naming Torcon as an additional insured and forwarded a certificate of insurance to Torcon.
Shortly after Tectonic commenced work on the site, plaintiff, a Tectonic employee, fell on improperly graded mud and was injured. Plaintiff filed a complaint against Torcon and Vollers Excavating and Construction Co. (Vollers), the subcontractor on site responsible for surface grading. Vollers had a similar agreement with Torcon to provide public liability insurance. Its carrier is Continental Casualty Company (Continental).
Torcon demanded that USF & G assume its defense. However, USF & G refused either to cover or defend Torcon with respect to plaintiff's lawsuit based on the following policy exclusion clause:
Exclusion j. [The policy shall not apply] to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury, but this exclusion does not apply to liability assumed by the insured under an incidental contract.
[emphasis added].
*120 Consequently, USF & G was joined as a third party defendant. Both USF & G and Torcon moved for summary judgment. The motion was granted in favor of USF & G. The judge found that, because the policy language referred to "the Insured" and both Torcon and Tectonic were named "Insureds," Exclusion j. applied to employees of either entity, regardless of an employment relationship. On appeal, Torcon contends the judge incorrectly interpreted the policy language in light of existing law.

I
USF & G argues that "the insured" was intended to include any insured listed in its policy whether the named insured or an additional insured. Thus, neither Torcon nor Tectonic would be entitled to coverage for any suit brought by an employee of either for injuries arising during the course of their employment. Thus, Torcon would not be covered for this lawsuit even though it was not plaintiff's employer. Torcon, on the other hand, argues that Exclusion j. precluded coverage only for insureds which are the actual employers of a person injured on the job, who is entitled to workers' compensation benefits. Continental joins this argument in its cross-appeal.
Our function when reviewing an insurance policy, as with any other contract, is to search broadly for the probable intent of the parties in an effort to find a reasonable meaning in keeping with the express general purposes of the policy. Sinopoli v. North River Insurance Co, 244 N.J. Super. 245, 250, 581 A.2d 1368 (App.Div. 1990). The court is bound to enforce a clear and unambiguous policy. Boswell v. Travelers Indemnity Co., 38 N.J. Super. 599, 604, 120 A.2d 250 (App.Div. 1956). However, where the meaning of the words used is doubtful or uncertain for any reason, the insured should have the benefit of protection. Id. at 605, 120 A.2d 250.
The primary object of all insurance is to insure. A construction should be taken which will render the contract operative, rather than inoperative, and which will sustain the claim for indemnity, if reasonably possible, rather than exclude it.
*121
 [Ibid., citing 13 Appleman, Insurance Law and
 Practice, § 7386, (1943)].
When evaluating the insurer's claims as to the meaning of the language in its policy, courts necessarily consider whether alternative or more precise language, if used, might have put the matter beyond reasonable question. Mazzilli v. Accident and Casualty Insurance Co. of Switzerland, 35 N.J. 1, 7, 170 A.2d 800 (1961).
[W]here the policy provision under examination relates to the inclusion of persons other than the named insured within the protection afforded, a broad and liberal view is taken of the coverage extended. But, if the clause in question is one of exclusion or exception, designed to limit the protection, a strict interpretation is applied.

[Id. at 8, 170 A.2d 800 (emphasis added)].
The language of Exclusion j. must be construed strictly against USF & G, the writer, and favorably towards Torcon, the insured. Additionally, the persuasiveness of previous decisions construing similar provisions must be considered.
One such case is Maryland Casualty, supra, 48 N.J. Super. 314, 137 A.2d 577. There, plaintiff a driver employed by a trucking company, was injured by the negligence of an employee of a marine terminal. The terminal's owner was insured under a general liability policy with Maryland Casualty Company. The trucking company was insured by New Jersey Manufacturers (NJM). When NJM refused to pay the driver's claim pursuant to a policy exclusion, Maryland Casualty defended the action and later sought recovery from NJM in a subrogation action. The NJM exclusion provided:
This policy does not apply:
(d) ... to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment, other than domestic, of the insured or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law;
(e) ... to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law; ....
[Id. at 321, 137 A.2d 577].
The position of NJM was substantially similar to that of USF & G in this case. We held:

*122 We do not agree that plaintiff was not entitled to the indemnification or contribution it sought simply because the injured employee of the named insured was entitled to workmen's compensation benefits. The clear intent of the exclusionary language of the policy was to relieve Manufacturers of responsibility under the policy where an employee of an insured was making a claim against his employer in connection with injury covered by workmen's compensation. We hold that the reference to "the insured" in the quoted exclusionary clauses applies only to the particular insured ... whose employee is suing him on account of the injury in question notwithstanding that the injury was compensable through workmen's compensation. Where, as here, an employee of the named insured was not suing the named insured, who had nothing to do with the negligent action which gave rise to the employee's claim, but sued an additional insured who was not his employer, the obvious purpose of the exclusionary clause is not implicated....
Absent an employer-employee relationship between the insured and the injured, [the] exclusion does not apply to the insured, and the latter remains under the protective coverage of the policy.
[Id. at 323-324, 137 A.2d 577 (emphasis added)].
The language of Exclusion j. is substantially similar to the employee exclusion in Maryland Casualty. Therefore, we hold that Exclusion j. is intended to exclude coverage only when an insured is sued by its own employee. Since plaintiff was a Tectonic employee, USF & G must provide coverage to and defend its insured, Torcon.
In addition to the four square application of Maryland Casualty, there is another basis for our holding: severability of interests among multiple insureds. A Connecticut case, Sacharko v. Center Equities Ltd. Partnership, 2 Conn. App. 439, 479 A.2d 1219 (1984), presents the very same issues as this case in almost the very same fact pattern. There, Center Equities leased its premises to a restaurant with the provision that the restaurant would obtain liability insurance and name Center Equities as an additional insured in the policy. The policy obtained was substantially similar to that issued by USF & G.
Within a short time, a restaurant employee fell on icy pavement on Center Equities' property and was injured. She sued not Center Equities which demanded that the restaurant's carrier defend it. The carrier disclaimed based on an employee exclusion *123 clause similar to the one in this case. The Connecticut appeals court held that:
[W]here, as here, there is a severability of interests provision, a limit is placed on the exclusion to allow more complete recovery under the policy. Severability of interests provisions were adopted by the insurance industry to define the extent of coverage afforded by a policy issued to more than one insured. Where a policy contains a severability of interests clause, it is a recognition by the insurer that it has a separate and distinct obligation to each insured under the policy, and that the exclusion under the policy as to employees of the insured is confined to the employee of the insured who seeks protection under the policy. ...
The primary objective of an employee's exclusion is to avoid duplication of coverage with an employer's workers' compensation coverage. If the insurer wishes to further exclude its liability, it could clearly so state in its contract and its failure to do so should be strictly construed. Especially is this true when the policy contains a severability clause, for there it can be implied that the insurer is actually recognizing a separate obligation to others, distinct and apart from the obligation it owes to the named insured.
 [Id. 479 A.2d at 1222 (emphasis added) (citations
 omitted)].
We find this analysis persuasive.
The USF & G policy issued to Tectonic and Torcon contains a severability of interests clause identical to that in Sacharko:
The insurance afforded applies separately to each insured against whom claim is made or suit is brought, except with respect to the limits of the Company's policy.
The severability clause in USF & G's policy in effect creates multiple policies with identical terms but different insureds. The clause requires that the policy be read as if each named insured is the only insured. When read in that light, regarding Torcon's coverage, Exclusion j. would provide that:
[The policy should not apply] to bodily injury to any employee of Torcon arising out of and in the course of his employment by Torcon or to any obligation of Torcon to indemnify another because of damages arising out of such injury....
Thus, the exclusion clearly does not bar coverage for the action filed by plaintiff, a Tectonic employee.

II
Because we conclude that Torcon is entitled to summary judgment, we need not reach Torcon's argument that, because USF & G failed to notify Torcon through its certificate of insurance of the *124 existence of Exclusion j., Torcon is not bound by the exclusion. In its cross-appeal, Continental challenges that contention.
Reversed and remanded for the entry of summary judgment in favor of Torcon and against USF & G.