108 N.J. Super. 405 (1970)
261 A.2d 662
GAYNA KISH, AN INFANT BY HER GUARDIAN AD LITEM, DOROTHY BONOMOLO, AND DOROTHY BONOMOLO, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
MOTOR CLUB OF AMERICA INSURANCE COMPANY, CHARLES E. HARDING, EDWIN M. GORDON AND URANIA GORDON, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 8, 1969.
Decided February 2, 1970.
*406 Before Judges CONFORD, COLLESTER and KOLOVSKY.
Mr. Douglas T. Hague argued the cause for appellants (Mr. Henry M. Spitzer, attorney; Mr. Ronald R. Kogos, on the brief).
Mr. Jerome S. Lieb argued the cause for respondent Motor Club of America Insurance Company (Messrs. Lieb, Teich and Berlin, attorneys).
*407 The opinion of the court was delivered by KOLOVSKY, J.A.D.
The infant plaintiff (Kish), while a passenger in an Oldsmobile automobile owned by her and being driven with her permission by defendant Harding, was injured when the automobile collided with that of defendants Gordon.
Defendant Motor Club of America Insurance Company (Motor Club) had theretofore issued a binder for an automobile liability insurance policy describing the Kish ("the owned") automobile and designating Kish as the named insured. Under Coverage "A" of the policy, Motor Club agrees
To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:
A. bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury", sustained by any person;
arising out of the ownership, maintenance or use of the owned automobile * * *.
The policy defines "insured" to mean "a person or organization described under `Persons Insured.'" The "Persons Insured" provision of the policy reads in pertinent part as follows:
The following are insureds under Part 1:
a. with respect to the owned automobile,
(1) the named insured and any resident of the same household,
(2) any other person using such automobile with the permission of the named insured * * *.
The only other provision of the policy pertinent to the issue here presented is the following appearing among its exclusionary clauses:
This policy does not apply * * * (K) under Coverage A, to death of or injuries to the named insured, or any insured, or the spouse or minor children of the named insured or any insured, whether related by blood or adoption, unless the policy is specifically endorsed to cover the same.
*408 The infant plaintiff and her mother instituted a negligence action against Harding and the Gordons to recover for the injuries sustained by the infant in the collision. Motor Club, relying on exclusion (K) quoted above, denied that any insurance coverage was due Harding with respect to the claim of Kish, the "named insured." It filed an answer in the negligence action on Harding's behalf only after he had executed a nonwaiver agreement.
Kish then instituted this action seeking a declaratory judgment that exclusion (K) is invalid and that in any event Motor Club is obligated to afford a defense to Harding and to pay any judgment which Kish may recover against him. On cross-motions for summary judgment the trial judge entered judgment in favor of Motor Club. He ruled that exclusion (K) is valid and a bar to any liability of Motor Club with respect to the Kish claim, citing with approval State Farm Mut. Auto. Ins. Co. v. Cocuzza, 91 N.J. Super. 60 (Ch. Div. 1966), which involved a substantially similar exclusionary clause. Plaintiffs appeal.
We reverse and hold that the exclusion is invalid and may not be applied to deprive Harding of the insurance coverage to which he, as one who was using the automobile with the permission of the named insured, is otherwise entitled under the policy. Selected Risks Ins. Co. v. Zullo, 48 N.J. 362 (1966); Willis v. Security Insurance Group, 53 N.J. 260 (1969), affirming 104 N.J. Super. 410 (Ch. Div. 1968).
The opinions in State Farm Mut. Auto. Ins. Co. v. Cocuzza, supra, and in Capece v. Allstate Ins. Co. v. State Farm, etc., Ins. Co., 88 N.J. Super. 535 (Law Div. 1965), referred to in Cocuzza, were concerned primarily with the interpretation of the exclusionary clauses rather than with their validity. Implicit therein, however, and particularly in the citation of numerous out-of-state cases upholding the effectiveness of such clauses (see Cocuzza, supra, at 63-64; Capece, supra, at 542-544), were determinations that the clauses, although they limited the coverage otherwise granted by the omnibus *409 clauses, were not against public policy (see Capece, supra, at 541) and should be enforced as written.
The public policy of other states with respect to the question presented, as revealed by the cases cited from their courts, is, however, merely of academic interest in view of the decision of our Supreme Court in Selected Risks Ins. Co. v. Zullo. There the court held that the public policy of this State with respect to omnibus coverage was to be found in the provisions of the Unsatisfied Claim and Judgment Fund Law, N.J.S.A. 39:6-61 et seq., and the Motor Vehicle Security-Responsibility Law, N.J.S.A. 39:6-23 et seq. Neither Capece nor Cocuzza had discussed the relevance of those statutes, although the opinion in Cocuzza did note that the policy there involved "was not issued pursuant to the Motor Vehicle Security-Responsibility Law." 91 N.J. Super., at 61.
In Selected Risks Ins. Co. v. Zullo, the question posed was the omnibus coverage required to be afforded under an owner's automobile liability insurance policy issued not as proof of financial responsibility for the purposes of the Motor Vehicle Security-Responsibility Law, N.J.S.A. 39:6-31 and 46 (a), but rather, as in the present case, for the purpose of qualifying the owned automobile as an insured automobile whose owner could thus obtain the advantage of so registering it under the Fund Law.
The court held that in the case of an owner's policy "there may be no departure from the omnibus coverage described in [N.J.S.A. 39:6-46(a)]" (48 N.J., at 374); that the policy "must have the broad form omnibus coverage set forth in N.J.S.A. 39:6-46(a)," and that "a policy which purports to have a more restrictive omnibus coverage is automatically amended to conform to the statutory standard" (48 N.J., at 373).
N.J.S.A. 39:6-46(a) provides in pertinent part:
The policy shall:
(a) Designate, by explicit description or appropriate reference, all motor vehicles with respect to which coverage is intended to be *410 granted thereby, and insure the insured named therein and any other person using or responsible for the use of any such motor vehicle with the express or implied consent of the insured, against loss from the liability imposed upon the insured or other person by law, for injury to or the death of a person, other than a person who is covered, as respects the injury or death, by any workmen's compensation law, * * * growing out of the maintenance, use or operation of the motor vehicle in the United States of America.
In Zullo the insurance policy, after defining "persons insured" with respect to the owned automobile to include "any other person using such automobile with the permission of the named insured" (in substance the statutory language), added the proviso, "provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission." The proviso was held ineffective and "the policies * * * deemed amended to contain omnibus coverage no less broad than that of the statute." 48 N.J., at 373.
In Willis v. Security Ins. Group, the policy contained an omnibus clause in the statutory form but by endorsement "specifically exclude[d] from its omnibus clause individuals driving the insured's car with his permission where such persons have available valid and collectible insurance under their own policies with the minimum limits of $10,000/$20,000." 104 N.J. Super., at 412. The trial court, in an opinion which was adopted by the Supreme Court, held the endorsement invalid because
N.J.S.A. 39:6-46(a) specifically requires that a policy shall "insure the insured named therein and any other person using or responsible for the use of any such motor vehicle with the express or implied consent of the insured, * * *." (104 N.J. Super. at 415; emphasis added)
The principle embodied in Zullo and Willis mandates the conclusion that exclusion (K) is invalid and that the policy is to be deemed amended to delete it. To give effect to exclusion (K) would be to deprive Harding, a person using *411 the automobile with the consent of the named insured, of the coverage which the statute says he is to have and to compel him to expend his own funds in defense of the Kish action and in payment of any judgment that Kish may recover against him, or, if he be without adequate financial resources, to impose the obligation of defending him and paying the judgment entered against him on the Unsatisfied Claim and Judgment Fund.
Under N.J.S.A. 39:6-46(a) the policy must afford Harding insurance "against loss from the liability imposed * * * [upon him] by law, for injury to or death of a person, other than a person who is covered, as respects the injury or death, by any workmen's compensation law." (Emphasis added). The italicized words, "a person," include Kish, who admittedly is not "covered, as respects the injury * * * by any workmen's compensation law."
In a supplemental memorandum, Motor Club contends that if exclusion (K) is ruled ineffective, then its liability under the policy should be limited "to $10,000 per person, $20,000 per occasion and $5,000 property damage," the minimum limits mentioned in N.J.S.A. 39:6-31 and 46.
The contention was not advanced by Motor Club either in its answer, in its argument on the motions for summary judgment, or in its original brief filed in this court. The failure to raise the issue in the trial court would justify our refusing to consider it on appeal. Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959).
Nevertheless, we have considered it and conclude that it lacks merit. The fact that a provision which Motor Club inserted in its policy in an attempt to limit the omnibus coverage called for by N.J.S.A. 39:6-46(a) has been adjudged invalid affords no justification for relieving it from the monetary limits of coverage it has stipulated in its policy.
Motor Club purports to find support for its contention in the following paragraph of N.J.S.A. 39:6-46,
*412 This section shall not be construed as preventing the insurance carrier from granting any lawful coverage in excess of or in addition to the coverage herein provided for, nor from embodying in the policy any agreement, provision or stipulation not contrary to the provisions of this chapter and not otherwise contrary to law,
arguing that the omnibus coverage required by N.J.S.A. 39:6-46(a) applies only to the minimum limits referred to in N.J.S.A. 39:6-31 and 39:6-46, $10,000 for injury or death of one person, $20,000 for one accident resulting in injury or death of more than one person, and $5,000 for damage to property.
We do not agree. N.J.S.A. 39:6-46(a), in specifying the scope of the omnibus coverage to be afforded by an owner's policy, makes no distinction between a policy containing the minimum statutory limits and one embodying higher limits. In either case, a provision limiting the broad omnibus coverage called for by N.J.S.A. 39:6-46(a) would be contrary to law.
Providing minimum statutory limits helps effectuate the public policy of assuring that "financially responsible persons [are] available to meet the claims of persons wrongfully injured in automobile accidents." Zullo, 48 N.J., at 371. But as the court pointed out in Willis, the Supreme Court in Zullo did not stop with a condemnation of omnibus clause limitations which obstruct that public policy:
Were this as far as the court went in Zullo, the limitation of coverage under the omnibus clause in the instant case might well be upheld. For a ruling in favor of Security would in no way deprive persons wrongfully injured from having "financially responsible persons available," nor would they go uncompensated. Indeed, Security's omnibus clause only disclaimed coverage if the permitted driver was covered under his own policy, and then only to the limits of that coverage. However, in ruling that the limited omnibus clause in Zullo was invalid, the court went much further than a mere statement of policy. It emphasized the point that this policy dictated that "there may be no departure from the omnibus coverage described in section 46 of the Security-Responsibility Act, * * *." (at p. 374)
*413 The court further stated:
"A policy * * * must have the broad form omnibus coverage set forth in N.J.S.A. 39:6-46(a). A policy which purports to have a more restrictive omnibus coverage is automatically amended to conform to the statutory standard." (at p. 373). (104 N.J. Super., at 415)
Contrary to what Motor Club further argues, State Farm Mut. Auto. Ins. Co. v. Wall, 92 N.J. Super. 92 (App. Div. 1966), does not support its claim that its obligation here should be limited to the minimum statutory limits.
Wall involved a policy deemed to be one submitted as proof of financial responsibility under the Motor Vehicle Security-Responsibility Law because Wall's license had theretofore been revoked. See N.J.S.A. 39:6-31; Steliga v. Metropolitan Casualty Ins. Co., 113 N.J.L. 101 (Sup. Ct. 1934), aff'd o.b. 114 N.J.L. 156 (E. & A. 1935). In case of such a policy, as distinguished from a policy issued to qualify one as the owner of an insured automobile under the Fund Law, the insurer's normal right to rescind for misrepresentation or to defend against liability thereunder because of the insured's breach of the conditions of the policy is subjected to a statutory limitation in favor of persons injured by the negligent operation of the automobile although it is not so limited in favor of the defaulting insured. With respect to such injured persons, the statute, N.J.S.A. 39:6-48(a), limits the right of the insurer to so rescind or defend to so much of the policy limits as exceeds the statutory minimums. Wall, supra, at 103-104.
That statute has no pertinence to this case, which involves neither a policy issued pursuant to N.J.S.A. 39:6-31 nor any misrepresentation or breach of condition by the insured, but only an adjudication that the insurer's attempt to limit the omnibus coverage of the policy is legally ineffective.
The judgment is reversed and the cause remanded to the trial court for entry of a judgment declaring that the policy affords liability insurance coverage to Harding with respect to Kish's claim to the limits therein provided.