167 N.J. Super. 353 (1979)
400 A.2d 872
KEYSTONE INSURANCE COMPANY AND CHARLES C. ROSELLE, PLAINTIFFS,
v.
ATLANTIC CHRYSLER PLYMOUTH, INC. AND ALLSTATE INSURANCE COMPANY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 16, 1979.
*355 Mr. Stephen R. Dumser for plaintiffs (Messrs. Schuenemann & Gercke, attorneys).
Mr. Mark Soifer for defendants (Messrs. Horn, Kaplan, Goldberg & Gorny, attorneys).
GIBSON, J.S.C.
This is a declaratory judgment action in which the parties seek a determination of their respective rights and obligations relating to certain automobile liability policies. Cross-motions for summary judgment have been *356 filed. Although several issues are raised, the principal question is whether the omnibus coverage provided by defendant contravenes the requirements of N.J.S.A. 39:6-46(a). Not only is the scope of that coverage in question but also its monetary limits. The material facts are not in dispute and may be summarized as follows:
On February 21, 1977 Charles C. Roselle, while operating a vehicle owned by Atlantic Chrysler Plymouth, Inc., was involved in an accident with one Joan Brown. The vehicle was being "test driven" at the time with the owner's permission. As a result of the injuries Brown allegedly sustained, suit was instituted in the Superior Court against both Roselle and the owner. This action followed.
At the time of the accident Atlantic Chrysler Plymouth, Inc. had in effect a garage owner's policy, including general automobile liability, issued by Allstate Insurance Company. At the same time, Roselle was covered by a family automobile policy issued by Keystone Insurance Company. The Allstate policy provided general automobile coverage with limits of $1,000,000, but under Endorsement No. 7 restricted that coverage for certain insureds as follows:
It is agreed that garage customers are not Insureds with respect to the automobile hazard except in accordance with the following additional provisions:
1. If there is other valid and collectible insurance, whether primary, excess or contingent, available to the garage customer and the limits of such insurance are sufficient to pay damages up to the amount of the applicable financial responsibility limit, no damages are collectible under this policy.
2. If there is other valid and collectible insurance available to the garage customer, whether primary, excess or contingent, and the limits of such insurance are insufficient to pay damages up to the amount of the applicable financial responsibility limit, then this insurance shall apply to the excess of damages up to such limit.
3. If there is not other valid and collectible insurance, whether primary, excess or contingent, available to the garage customer, this insurance shall apply but the amount of damages payable under this policy shall not exceed the applicable financial responsibility limit.
*357 4. As used in this endorsement:
"applicable financial responsibility limit" refers to the applicable limit of the financial responsibility law of the state where the automobile is principally garaged.
Keystone's policy provided $100,000 of automobile liability protection, including broad form omnibus coverage. However, its "other insurance" clause indicated that as to non-owned automobiles its coverage would be "`excess" over any other valid and collectible insurance. That clause reads as follows:
Other Insurance: If the insured has other insurance against a loss covered by Part I of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance.
Keystone asserts that the Allstate endorsement violates statutory policy and should be stricken. It also seeks a declaration that Allstate assume primary coverage for both its (Allstate's) own assured as well as Roselle and that any judgment or settlement be covered up to the limits of $1,000,000. Keystone would then provide for any excess. Allstate, on the other hand, defends its endorsement and seeks a declaration that its insurance is co-primary with Keystone as to Roselle and that its own coverage be prorated, with its limits not to exceed the statutory minimum, $15,000.
New Jersey's Security Responsibility Law outlines certain of the requirements for motor vehicle liability policies written in this State. N.J.S.A. 39:6-23 to 60. Section 46(a) of that law requires that any policy furnished as proof of financial responsibility must insure the named insured as well as "any other person using or responsible for the use of any such motor vehicle with the express or implied consent of the insured * * *." N.J.S.A. 39:6-46(a). The cases *358 are clear that such a policy must have the broad form omnibus coverage set forth in the above statute. Any policy which purports to have a more restrictive clause is "automatically amended to conform to the statutory standard." See Selected Risks Insurance Co. v. Zullo, 48 N.J. 362 (1966); Willis v. Security Ins. Group, 104 N.J. Super. 410 (Ch. Div. 1968), aff'd o.b. 53 N.J. 260 (1969), and Unsatisfied Claim & Judgm. Fund Bd. v. Clifton, 117 N.J. Super. 5 (App. Div. 1971).
Each of the paragraphs contained in Allstate's Endorsement No. 7 seek to restrict the scope of its omnibus coverage in some way. Paragraph 1, for example, would eliminate coverage when a customer who is involved in an accident while using a car owned by the dealer has other valid and collectible automobile liability insurance. In a factual setting quite similar to the one here such a limitation was held to be invalid. Willis v. Security Ins. Group, supra. The court there ruled that the policy of the Financial Responsibility Law was to assure having responsible persons available to meet the claims of persons wrongfully injured in automobile accidents; an omnibus clause which in any way obstructed that policy would be declared invalid.
At first glance it would seem that by eliminating coverage only when other valid and collectible insurance is available, the Allstate clause would meet the above-stated goal. However, the Willis case makes it clear that the applicable rule goes further than "a mere statement of policy." Citing from the Zullo case, supra, the court emphasized (104 N.J. Super. at 415) that "there may be no departure from the omnibus coverage described in section 46 of the Security Responsibility Act * * *." As noted, that section requires that a policy insure not only the named insured but also "any other person using or responsible for the use of any such motor vehicle * * *" (emphasis supplied). The language "any other person" clearly includes persons with insurance as well as those without. Paragraph 1 is therefore invalid.
*359 Paragraph 2 of the endorsement also seeks to limit its coverage by providing indemnity in those situations where, although there is other insurance, it is insufficient to cover the loss. Under such circumstances Allstate will provide coverage for the difference between such other insurance and the amount necessary to meet the minimum limits required to comply with the appropriate financial responsibility law (here $15,000/$30,000). There does not appear to be any logical basis for distinguishing this clause from the one stricken in Willis, supra. The challenged clause there similarly sought to place itself in an "excess" status, a position the court rejected. Accordingly, this paragraph is also invalid.
The same reasoning may be applied to paragraph 3 of the endorsement. Although that paragraph does provide coverage in situations where the customer does not have other valid and collectible liability insurance, it is again the type of restriction which was stricken in Willis. As noted, the language of the statute, "any other person," includes persons with or without insurance. Counsel for Allstate, however, argues that regardless of whether paragraphs 1 and 2 are stricken, paragraph 3 should be "valid and effective to limit the limit of coverage available to Garage customers to $15,000.00." It is argued that this was the bargained-for coverage and that nothing in the statute or the case law requires that all coverages be uniform, particularly where the maximum monetary limits under the security responsibility law are being provided. N.J.S.A. 39:6-46. In effect, this argument suggests that although an omnibus clause may be declared invalid insofar as the scope of coverage is concerned, a judicially mandated amendment need not affect the stated monetary limits provided in such a clause. This argument presents an important legal question and one that does not appear to have been answered by any reported decision of this state. For the reasons to be stated, however, it is the opinion of this court that the answer should be in the negative.
*360 A similar issue faced the Appellate Division in the case of Kish v. Motor Club of America Ins. Co., 108 N.J. Super. 405 (App. Div. 1970). There the omnibus clause was declared invalid because of an exclusionary provision denying coverage to the insured or his family for their own personal injuries. Motor Club, which had written the challenged clause, argued that if the clause was invalid, any judicial amendment to it should confine the monetary limits to the amount required to comply with the minimums mandated by N.J.S.A. 39:6-31 and 46. The court rejected the argument and held that:
The fact that a provision which Motor Club inserted in its policy in an attempt to limit the omnibus coverage called for by N.J.S.A. 39:6-46(a) has been adjudged invalid affords no justification for relieving it from the monetary limits of coverage it has stipulated in its policy. [at 411]
There, as here, it was argued that the statute does not require coverage which exceeds the minimum limits for financial security. The court pointed out, however, in specifying the scope of the omnibus coverage to be afforded by the owner's policy, the statute "makes no distinction between a policy containing the minimum statutory limits and one embodying higher limits. In either case, a provision limiting the broad omnibus coverage called for by N.J.S.A. 39:6-46 (a) would be contrary to law." Id. at 412.
Although it is not clear from a reading of the opinion, it appears that the insurance policy under consideration in Kish contained no distinction between the monetary limits provided for by its general automobile liability and those applicable to omnibus coverage.[1] Here, of course, such a distinction does exist and to that extent the cases are distinguishable. In the opinion of this court, however, the *361 same principles apply in both instances. Under the guidelines enunciated in Kish as well as those of Zullo and Willis, it would appear that any restriction in omnibus coverage would contravene statutory policy, whether that restriction be one of scope or monetary limits. This is not to say that there is any requirement that a company write general automobile liability coverage which exceeds the statutory minimum. If it does so, however, it may not selectively restrict those limits with regard to the legislatively mandated omnibus clause. A contrary rule would tend to encourage carriers to uniformly write such clauses with minimum limits. At worst, this would permit the significant number of losses which do exceed minimum limits to be left uninsured to the extent of the excess.[2] Such a result would clearly be contrary to the strong public policy in this state favoring the "broadest range of protection to users of the highways * * *." See State Farm v. Zurich Amer. Ins. Co., 62 N.J. 155, 168 (1973). At best, the burden for those losses, to the extent that the minimums are exceeded, would shift to the carrier insuring the non-owner, assuming there is one. This would be inconsistent with the principles outlined in Willis.
Although this issue has received some attention in other jurisdictions, in most cases the decisions were based either on an interpretation of the insurance contract alone (without tying in legislative policy) or as a result of the particular statutory language involved. For example, relying just on policy language, the following courts held that omnibus coverage was required only to the extent of the statutory minimum. Farm Bureau Auto Ins. Co. v. Martin, 97 N.H. 196, 84 A.2d 823 (Sup. Ct. 1951); Bahaney v. Travelers Ins. Co., 121 F.2d 838 (3 Cir.1941);[3]Landis v. New *362 Amsterdam Cas. Co., 347 Ill. App. 560, 107 N.E.2d 187 (Ct. App. 1952). To the contrary, the Supreme Court of California held that its omnibus statute, requiring coverage for a permissive user "to the same extent" as the owner, required identical protection, not only in terms of the risks but also as to monetary limits. Metz v. Universal Underwriters Ins. Co., 10 Cal.3d 45, 109 Cal. Rptr. 698, 513 P.2d 922 (1973).[4] Based on its own statute, the Wisconsin Supreme Court reached the same conclusion, ruling that whatever coverage the named insured has under the policy is extended to the permissive user pursuant to the omnibus clause. Smith v. National Indem. Co., 57 Wis. 2d 706, 205 N.W.2d 365 (1973). A similar result was reached in Hardware Mut. Cas. Co. v. General Acc. F. & L. Assur. Corp., 212 Va. 780, 188 S.E.2d 218 (Sup. Ct. App. 1972). Finally, in two cases considering language identical to that involved here, inconsistent results were reached. The Arizona Supreme Court ruled the policy language to be violative of its omnibus statute but at the same time upheld the step down in monetary limits. Rocky Mountain Fire & Cas. Co. v. Allstate Ins. Co., 107 Ariz. 227, 485 P.2d 552 (1971). In Illinois the Appellate Division likewise struck down the clauses as contrary to the omnibus statute but in considering the monetary limits of paragraph three held the provision inapplicable. Without squarely reaching the issue decided here, the court concluded simply that the paragraph, by its own terms, did not compel a step down in limits.[5] Based on these cases it *363 would appear that to the extent that guidance can be found in other jurisdictions the results have been mixed and offer no compelling reasons for changing the conclusions reached here.
There remains the contention by Allstate that its coverage be declared to be co-primary with that of Keystone. Cited in support of this view is Selected Risks Ins. Co. v. Nationwide Mut. Ins. Co., 133 N.J. Super. 205 (App. Div. 1975). The court there was faced with a somewhat unique situation. A garage owner was killed while standing in front of a vehicle owned by a customer while the customer was behind the wheel. The customer's wife was also injured. Cross-suits were filed and both defendants (who were also plaintiffs) claimed that the other party's insurance company should defend pursuant to its respective omnibus clause. For reasons not pertinent to this issue the court invalidated both omnibus clauses. It then held the owner and the nonowner to be simultaneously permissive users, thereby calling into play the omnibus coverage in both policies. Under Cosmopolitan Mut. Ins. Co. v. Continental Cas. Co., 28 N.J. 554 (1959), the "other insurance" clauses were then consulted with the result being that the coverage was held to be co-primary. That is not the case here. In this instance it is a simple matter of a nonowner using the vehicle with the owner's permission. In such a setting it is the owner's policy which is primary. See Motor Club Fire & Cas. Co. v. N.J. Mfrs. Ins. Co., 73 N.J. 425 (1977). Although not articulated, this was the result in Willis as well as Kish. Accordingly, pursuant to the "other insurance" clause in the Keystone policy, its coverage would be excess.
*364 In summary it is the opinion of this court that the omnibus coverage by Allstate is invalid both as to scope as well as to limits. The policy will therefore be judicially amended to provide coverage to Roselle to the same extent as the owner. That coverage will be primary; Keystone's will be excess.
NOTES
[1] If in fact the policy in Kish did have stated differences in monetary limits, then clearly the holding controls here and Endorsement No. 7 would fall on that basis.
[2] See Evid. R. 9(2) (c), "Judicial Notice."
[3] This case, although purporting to apply New Jersey law, was decided long before Zullo and its progeny, and accordingly does not reflect the strong public policy now mandated.
[4] This case involved a rental vehicle. The California statute has a specific provision which would except road testing from this result. Cal. Ins. Code, § 11580.1(f).
[5] Paragraph 3 there, like Allstate's paragraph three here, begins "If there is no other valid and collectible insurance." Since "other valid and collectible insurance" was available vis a vis the driver's company, the court held that the limits provision in that paragraph was moot. Without necessarily endorsing this reasoning, it can be suggested that in view of the existence of other insurance here the language of paragraph 3 at least creates an ambiguity concerning the applicable monetary limits. It is well settled that if the policy language will support two meanings, one more favorable to the insured, the court will choose the interpretation protecting the insured "to the full extent that any fair interpretation will allow." Mazzilli v. Acc. & Cas. Ins. Co., 35 N.J. 1, 7 (1961). Here that interpretation would favor the application of the greater limits.