117 N.J. Super. 5 (1971)
283 A.2d 350
THE UNSATISFIED CLAIM AND JUDGMENT FUND BOARD AND JOSEPH POLAND, PLAINTIFFS-APPELLANTS,
v.
JOHN CLIFTON, THE ATLANTIC REFINING CO., CURTIS HINCKLEY, HARLEYSVILLE MUTUAL INSURANCE CO., GEORGE HAROLD LAUTERWASSER AND GEORGE HENRY LAUTERWASSER, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 27, 1971.
Decided November 3, 1971.
*6 Before Judges SULLIVAN, LEONARD and CARTON.
Mr. Frank J. Skok argued the cause for appellants (Mr. Thomas J. Kapsak of counsel; Messrs. Seiffert, Frisch & Gruber, attorneys).
Mr. Richard A. Amdur argued the cause for respondent, Harleysville Mutual Insurance Co. (Messrs. Hanlon, Argeris & Amdur, attorneys).
Statement in lieu of brief filled on behalf of defendant Atlantic Refining Co. (Messrs. McCarter & English, attorneys).
Statement in lieu of brief filed on behalf of defendants Lauterwasser (Messrs. Chamlin and Schottland, attorneys).
The opinion of the court was delivered by CARTON, J.A.D.
Involved in this declaratory judgment action is the interpretation of an exclusionary clause in an automobile liability policy and the extent of its effect on the omnibus clause of the policy.
The pertinent factual background is substantially undisputed. One Poland was employed by John Clifton, who operated a service station which he leased from Atlantic Refining Co. A customer, Curtis Hinckley, left his automobile at the station to have the brakes repaired. He requested Poland to deliver the car to his store nearby once the repairs had been completed. After Poland removed the car from a hydraulic lift he realized the repairs had not been made. *7 He asked his friend, Lauterwasser, to guide him while he returned the car to the lift. Unfortunately, the car slipped, pinning Lauterwasser to the wall.
Lauterwasser and his guardian ad litem sued Poland, Clifton, Hinckley and Atlantic. Poland and Clifton had no liability insurance and were represented by attorneys for the Unsatisfied Claim and Judgment Fund. Hinckley was insured by Harleysville Mutual Insurance Co. During the course of the trial of the negligence action the court granted Hinckley's motion for summary judgment. His insurer, Harleysville, thereupon took the position that, because the named insured was relieved as a defendant, it had no further obligations under the policy. The Fund and Poland then brought this declaratory judgment action to determine whether Harleysville was required to defend Poland.
After the denial of plaintiff's motion for summary judgment in the declaratory judgment action, plaintiffs Lauterwasser obtained verdicts against Poland aggregating $15,500. This appeal by the Fund and Poland is taken from the denial of summary judgment.
In denying plaintiffs' motion for summary judgment the trial court adopted in substance defendant-insurer's contention that the language of an exclusionary clause in the policy controlled. The court held that the clause must be deemed to be applicable to use of the automobile by Poland while he was employed or engaged in the automobile business. Therefore it had the effect of denying coverage. Cf. LeFelt v. Nasarow, 71 N.J. Super. 538 (Law Div. 1962), aff'd p.c. 76 N.J. Super. 576 (App. Div. 1962); cert. den. LeFelt v. Aetna Ins. Co., 39 N.J. 86 (1963); Providence Wash. Ins. Co. v. Glens Falls Ins. Co., 114 N.J. Super. 350 (Ch. Div. 1971), and Willis v. Security Insurance Group, 53 N.J. 260, aff'g 104 N.J. Super. 410 (Ch. Div. 1968).
The exclusionary clause involved provides:
EXCLUSIONS. This policy does not apply:
Under the Liability, Medical Expense and Accidental Death Benefit Coverages,

*8 * * * * * * * *
(g) to any automobile or trailer while maintained or used by any person while such person is employed or otherwise engaged in the automobile business, but this exclusion does not apply to the maintenance or use of an owned automobile (1) by the named insured or a relative, or (2) by any other insured in an automobile business in which the named insured has an interest as proprietor or partner.

* * * * * * * *
We deem it unnecessary to consider the correctness of the trial court's interpretation since we conclude that the exclusionary clause, thus construed, constituted an invalid attempt to limit the scope of protection intended to be afforded to persons using the vehicle with permission of the named insured.
The Motor Vehicle Responsibility Law requires that any liability insurance policy issued in this State shall designate the motor vehicle which is to be covered, and "insure the insured named therein and any other person using or responsible for the use of any such motor vehicle with the express or implied consent of the insured * * *." N.J.S.A. 39:6-46. This statute also prohibits any conflict between the form of the policy and the provisions of the act. N.J.S.A. 39:6-48.
The omnibus clause of the Harleysville policy which is designed to carry out this legislative mandate reads as follows:
PERSONS INSURED. Under the Liability and Medical Expense Coverages, the following are insureds:
(a) with respect to an owned automobile,
(1) the named insured,
(2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission * * *.
In Selected Risks Ins. Co. v. Zullo, 48 N.J. 362 (1966), the Supreme Court enunciated the principle that there can be no departure from the omnibus coverage described in N.J.S.A. 39:6-46. It ruled (at 374) that the omnibus *9 clause under consideration in that case must be read to accord with the public policy of this State as established by the Motor Vehicle Responsibility Law. Speaking for the court, Justice Proctor commented:
* * * It is highly unlikely that the Legislature would want to narrow the coverage in this area of remedial legislation * * *. Without clear language we will not find legislative intent to deny some innocent victims of motor torts the possibility of satisfying their just claims for damages against the insurance carrier of the owner of the motor vehicle who had given permission to the operator. [at 372-373]
Using this approach, the court in Willis v. Security Insurance Group, supra, voided endorsement to a policy as an invalid attempt to limit coverage under the omnibus clause. See also, Kish v. Motor Club of America, 108 N.J. Super. 405 (App. Div. 1970).
Poland, as a permitted user under the terms of the omnibus provision, was entitled to protection under the policy for the duration of his permitted use. We see no sound reason why such rights should be lost, abridged or suspended during the period of the permitted use simply because the permittee may arguably have been engaged in the automobile business. To hold otherwise would have the effect of denying to injured persons the possibility of recovering for their damages.
This view we deem to be consonant with the legislative philosophy as interpreted in Zullo and the cases which have followed it. Nothing in the statute evidences a legislative intention to the contrary. It makes no difference that the limitation was sought to be accomplished through an exclusionary provision of the policy. To the extent that such clause may have the effect of limiting the protection afforded the permitted user under the omnibus clause, it must be held invalid. Zullo, 48 N.J. at 370.
We are not concerned with the fact that the insurer may have inserted the automobile business exclusion in the policy *10 to protect itself against the greater hazards involved in that business and that the company may have intended thereby to make the exclusion applicable to permitted users. Nor is it of any significance that Poland's employer could have obtained insurance covering the use of automobiles in its repair business. The existence of such insurance might involve a question of priorities with which we are not here concerned. Considerations of this kind must yield to the overriding policy expressed by the statute. See Zullo, supra.
Reversed and remanded with direction that summary judgment be entered in favor of plaintiffs Unsatisfied Claim and Judgment Fund Board and Joseph Poland, and against defendant Harleysville Mutual Insurance Co. No costs.