133 N.J. Super. 205 (1975)
336 A.2d 24
SELECTED RISKS INSURANCE COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT,
v.
NATIONWIDE MUTUAL INSURANCE COMPANY, A CORPORATION AUTHORIZED TO DO BUSINESS IN NEW JERSEY, DEFENDANT-RESPONDENT AND CROSS-APPELLANT, AND ANGELA V. DEL PLATO, HARRY A. DEL PLATO AND ELVERA F. PALUMBO, GENERAL ADMINISTRATRIX FOR THE ESTATE OF JOHN D. PALUMBO, DECEASED, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 4, 1975.
Decided March 14, 1975.
*208 Before Judges CARTON, CRANE and KOLE.
Mr. David B. Rand argued the cause for plaintiff-appellant and cross-respondent Selected Risks Insurance Company (Messrs. Schenck, Price, Smith & King, attorneys).
Mr. Donald B. Connolly argued the cause for defendant-respondent and cross-appellant Nationwide Mutual Insurance Company (Messrs. Oppenheim & Oppenheim, attorneys).
The opinion of the court was delivered by CARTON, P.J.A.D.
This appeal concerns the scope of the respective coverages provided under an automobile liability insurance policy and a garage liability policy in an accident which occurred at the garage owner's service station.
The parties stipulated the facts. Harry A. Del Plato drove his station wagon to Battlehill Esso for the purpose of having it serviced and to correct an unsatisfactory idling condition in the engine. He was later joined there by his wife Angela. Del Plato was the named insured under an automobile liability insurance policy issued by defendant Nationwide Mutual Insurance Company. John D. Palumbo, t/a Battlehill Esso, operated the service station. He was insured by plaintiff Selected Risks Insurance Company under a garage liability policy.
Del Plato requested Palumbo to examine the car to determine the nature of the mechanical problem. Palumbo was leaning into the engine compartment in front of the automobile, *209 apparently testing various engine components, when the car suddenly lurched forward, striking both Palumbo and Mrs. Del Plato, who was also standing in front of the car. Palumbo died as the result of injuries sustained in the accident. Mrs. Del Plato was also injured.
The precise cause of the vehicle's movement was the subject of dispute and resulted in three lawsuits. The administratrix of the Palumbo estate brought action against Harry and Angela Del Plato. Harry and Angela Del Plato each brought action against the administratrix. All three actions were consolidated for trial. We were informed at the oral argument that while this appeal was pending the administratrix of the Palumbo estate settled the estate's action against Harry Del Plato. The actions by Harry and Angela Del Plato were tried as to the issue of liability only and the jury rendered special findings that both Harry Del Plato and Palumbo were negligent in causing the accident.
In this declaratory judgment action to determine the coverage provided by the two insurance carriers plaintiff Selected Risks, which issued the garage policy, moved for summary judgment. It sought an adjudication that defendant Nationwide as well as Selected Risks must provide primary coverage to the estate of Palumbo and that Nationwide must defend the negligence actions brought by the Del Platos against the Palumbo estate and contribute to any settlement or judgment resulting from Del Platos' actions. The trial judge denied plaintiff's motion, ruling that Nationwide was not obliged to provide coverage to the Palumbo estate under its automobile policy. The trial court also denied defendant Nationwide's cross-motion for summary judgment, holding that plaintiff Selected Risks was not required under its garage policy to Palumbo to provide coverage to Harry Del Plato. On this appeal each insurance company challenges the portion of the judgment adverse to it.
We consider first Selected Risks' motion for summary judgment. It was grounded on the premise that the omnibus *210 clause in Nationwide's automobile liability policy mandated coverage for Palumbo and that the exclusionary clause in that policy could not be given effect because it conflicted with the omnibus clause in that policy. Under the terms of this omnibus clause, which is in the broad form required by N.J.S.A. 39:6-46 (a) to be included in every liability policy issued in the State of New Jersey, Nationwide agreed:

C. PROPERTY DAMAGE & BODILY INJURY  LIABILITY
To pay all sums which those entitled to protection become legally obligated to pay as damages arising out of the ownership, maintenance or use, including loading and unloading, of the described automobile because of:
(1) destruction or damage of property including loss of use thereof;
(2) bodily injury, sickness, disease or death of any person except for liability under any workmen's compensation law. Those entitled to protection under these Coverages C(1) and C(2) are (a) the Policyholder; (b) any resident of the same household; and (c) any person or organization legally responsible for the use of the described automobile,, provided the actual operation or (if he is not operating) the other actual use thereof is with the permission, expressed or implied, of the Policyholder or his spouse if such a resident. [Emphasis supplied]
The exclusionary language of the policy relied upon by Nationwide as the basis for denial of coverage provides in pertinent part:

EXCLUSIONS
There shall be no protection afforded:
* * * * * * * *
(2) under Coverages C(1), C(2), D(1) and D(2), to any person or organization or to any agent or employee thereof, operating an automobile repair shop, public garage, sales agency, service station or public parking place, with respect to any occurrence arising out of the operation thereof. * * *
Inasmuch as Palumbo was the owner and operator of a service station and the accident arose out of its operation, it is clear that he is a member of the class to which the exclusion is intended to apply. The dispute as to coverage arises *211 because it is also unquestioned that Palumbo was also given permission to use the vehicle.
Nationwide's omnibus clause recognizes the term "use" is not necessarily restricted to the operation of the vehicle. Several recent New Jersey cases have so interpreted the term. Liberty Mutual Ins. Co. v. O'Rourke, 122 N.J. Super. 68 (Ch. Div. 1973); Unsatisfied Claim & Judgment Fund Bd. v. Clifton, 117 N.J. Super. 5 (App. Div. 1971). The omnibus clause and the exclusionary clause thus appear to be in conflict.
The general principles applicable to the interpretation of such conflicting provisions in standard automobile liability policies are well settled in this State. To the extent that an exclusionary clause conflicts with the statutorily required omnibus clause, the language of the exclusionary clause must be deemed inapplicable.
Thus, in Willis v. Security Ins. Group, 104 N.J. Super. 410 (Ch. Div. 1968), aff'd o.b. 53 N.J. 260 (1969), the court invalidated a clause excluding coverage for individuals driving the insured's automobile with his permission when such individuals had valid and collectible insurance in $10,000/$20,000 minimums under their own policies. In Kish v. Motor Club of America Ins. Co., 108 N.J. Super. 405 (App. Div. 1970), certif. den. 55 N.J. 595 (1970), an exclusionary clause denying coverage to the insured or his family for personal injuries was struck down. There, as here, defendant argued on the basis of cases that preceded Selected Risks Ins. Co. v. Zullo, 48 N.J. 362 (1966)  cases dealing with the interpretation of exclusionary clauses rather than with their validity. The court found those cases "merely of academic interest" in view of the Zullo case. Kish, supra at 408-409.
Defendant's attempt to distinguish Clifton and Liberty Mutual on the ground that the exclusion in its policy is concerned with "occupation" while those in the above-cited cases are concerned with "use" is untenable. Once "initial permission" *212 to use the car has been given, there can be no departure from the mandated omnibus coverage. Matits v. Nationwide Mutual Ins. Co., 33 N.J. 488 (1960); Selected Risks Ins. Co. v. Zullo, supra.
In light of the policy embodied in this line of cases it is clear that the exclusionary clause in the Nationwide policy cannot be given effect. The only basis given for the trial court's ruling to the contrary seems to be that the parties concerned were insurance carriers. That circumstance is not a valid basis for coming to a different conclusion. State Farm Mut. Auto. Ins. Co. v. Travelers Ins. Co., 57 N.J. 174 (1970). We conclude, therefore, that Nationwide must provide coverage to the Palumbo estate under the omnibus clause in the policy issued to Del Plato.
The extent to which each insurance carrier must contribute to the Palumbos' coverage is governed by the "other insurance" clauses of the respective contracts. See, generally, Cosmopolitan Mut. Ins. Co. v. Continental Cas. Co., 28 N.J. 554 (1959). Since each policy contains a pro rata clause, each insurer has primary but concurrent liability for a proportionate amount of the loss. See, generally, Annotation, "Apportionment of losses among automobile liability insurers under policies containing pro rata clauses," 21 A.L.R.2d 611 (1952); Cosmopolitan Mut. Ins. Co. v. Continental Cas. Co., supra at 562.
Defendant Nationwide's demand that Selected Risks extend coverage for Del Plato for liability arising out of the accident requires a review of the Selected Risks policy. The trial court denied Nationwide's motion on the ground that Del Plato was not a "named insured" in Selected Risks' garage policy.
Selected Risks agrees under its policy to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of Coverage G. bodily injury or Coverage H. property damage." Coverage is afforded for legal liability of the insured for bodily injury *213 "caused by an occurrence and arising out of garage operations, including only the automobile hazard for which insurance is afforded as indicated in the declarations * * *." "`[G]arage operations' means the ownership, maintenance or use of the premises for the purposes of a garage and all operations necessary or incidental thereto."
The declaration includes a premium charge for Automobile Hazards 1 and 2. The term "automobile hazard" is defined in this fashion:
"[A]utomobile hazard" means that one of the following hazards for which insurance is afforded as indicated in the schedule:

Automobile Hazard 1.
(1) The ownership, maintenance or use (including loading and unloading) of any automobile for the purpose of garage operations, and (2) the occasional use for other business purposes and the use for non-business purposes of any automobile owned by or in charge of the named insured and used principally in garage operations, and (3) the ownership, maintenance or use of any automobile owned by the named insured while furnished for the use of any person.
Automobile Hazard 2.
The use in connection with garage operations of any automobile which is neither owned nor hired by the named insured, a partner therein or member thereof, or a member of the same household as any such person.
The policy also contains these provisions under the heading "IV. Persons Insured":
Each of the following is an insured under this insurance to the extent set forth below: Under the Garage Bodily Injury and Property Damage Liability Coverages:
(1) the named insured;

* * * * * * * *
(3) with respect to the automobile hazard:
(a) any person while using, with the permission of the named insured, any automobile to which the insurance applies under the automobile hazard, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission * * *.
*214 Also under this "Persons Insured" heading, and directly below the provisions just quoted, appears the following exclusionary clause:
None of the following is an insured:
* * * * * * * *
(iii) any person or organization, other than the named insured, with respect to any automobile
(a) owned by such person or organization or by a member (other than the named insured) of the same household * * *.
Selected Risks maintains that the exclusionary clause quoted above was intended to deny coverage to Del Plato as the owner of the car involved in the accident. We observe that it is at least arguable that the language of this exclusion runs counter to the broad language providing coverage for automobile hazards. However, we need not decide whether such a contradiction exists and, if so, its effect, for we conclude that the principles found earlier in this opinion to be applicable to the omnibus and exclusionary clauses in the Nationwide automobile policy are equally applicable to the parallel clauses in the Selected Risks garage policy.
The latter policy affords protection for automobile hazards which arise from "the ownership, maintenance or use * * * of any automobile for purposes of garage operations." The term "garage operations" is broadly defined to include "all operations necessary or incidental thereto." And, under the heading "Automobile Hazard 2," protection is extended to the use in connection with garage operations of any automobile which is neither owned nor hired by the named insured.
Without question the automobile hazard clauses of the policy provide coverage for liability arising from the use of an automobile on public roads. To that extent the garage policy provides the same kind of coverage as an automobile policy and is, therefore, subject to the same public policy considerations underlying the Motor Vehicle Security-Responsibility *215 Law, N.J.S.A. 39:6-23 et seq., and especially N.J.S.A. 39:6-46 as govern automobile policies.
We view the clause contained in the provision headed "IV. Persons Insured," insofar as it applies by the terms of the policy to automobile hazards, as distinguished from the public and business liability features of the policy, as embodying the essential elements of the omnibus provision in the ordinary automobile policy. Presumably the policy language extending automobile hazard coverage to any person using a covered automobile with the permission of the named insured was designed to bring the policy into compliance with the Motor Vehicle Security-Responsibility Law. See Annotation, "Liability insurance of garages, motor vehicle repair shops and sales agencies and the like," 93 A.L.R.2d 1047 at 1088 (1964). Such an interpretation is implicit in Willis v. Security Ins. Group, supra at 415, where the court held that the exclusionary clause in the garage liability policy there under consideration was invalid because "there may be no departure from the omnibus coverage" of N.J.S.A. 39:6-46. See also, American Motorists Ins. Co. v. Kaplan, 209 Va. 53, 161 S.E.2d 675 (Sup. Ct. 1968), cited with approval by the Supreme Court in its affirmance of Willis v. Security Insurance Group, 53 N.J. 260, 261 (1969).
The exclusionary clause here relied on by Selected Risks is invalid for the same reasons that apply to the interpretation of the exclusionary clause in Nationwide's ordinary automobile liability policy.
Here Del Plato's automobile was temporarily in Palumbo's custody and general control. Palumbo was using it for the purpose of making engine repairs, an activity clearly connected with the operation of the garage business. But under the somewhat unusual circumstances of the accident it can fairly be said that Del Plato, as much as Palumbo, was also using the vehicle. Since Palumbo had enlisted Del Plato's assistance in performing the engine repairs *216 it must be said that Del Plato was using his own car with Palumbo's permission.
Since the exclusionary clause is invalid insofar as it applies to automobile hazards for the reasons stated above, coverage under the omnibus clause must also be extended to Del Plato under the circumstances of this case. Logically it should make no difference whether the accident arising from the use of the automobile occurred on the open highway or in the garage premises. In each case the use is of a vehicle in the custody of the named insured and with the permission of the named insured. Therefore, Selected Risks must provide coverage for Del Plato under the omnibus clause of its policy.
Judgment reversed.